## ROYER *v.* COUPE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 82.  Argued December 7, 8, 1892. — Decided December 19, 1892.

The claim of letters patent. No. 149,954, granted April 21, 1874, to Herman Royer, for an " improvement in the modes of preparing rawhide for belting," namely, " The treatment of the prepared rawhide in the manner and for the purposes set forth," is a claim to the entire process described, consisting of eight steps, including the removal of the hair by sweating.

Having put in a claim, in the course of his application, to the mode of preparing raw-hides by the fulling operation and the preserving mixture, and that claim having been rejected, and then withdrawn; and having also claimed the prepared rawhide as a new article of manufacture, and that claim having been rejected, and then struck out by him; his patent cannot be construed as if it still contained such claims.

As the defendants did not use the sweating process they did not infringe.

THE case is stated in the opinion.

*Mr. M. A. Wheaton* for appellant.

*Mr. Wilmarth H. Thurston* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity, brought in the Circuit Court of the United States for the District of Massachusetts, by Herman

Royer against William Coupe and Edwin A. Burgess, co-partners under the name of William Coupe & Co., founded on the infringement of letters patent No. 149,954, granted April 21, 1874, to the plaintiff as inventor, for an "improvement in the modes of preparing rawhide for belting," on an application filed December 31, 1872.

The specification of the patent is as follows: "After the removal of the hair from the hide by means of sweating — a process familiar to every tanner — the hide is dried perfectly hard. Then it is inserted in water for ten to fifteen minutes, long enough to lose its extreme stiffness. In this condition the process of fulling is commenced. This may be done in a machine constructed for this purpose and patented by me May 12, 1868, under No. 77,920. Before the hide is passed into the machine the second time it is stuffed with a mixture twenty parts tallow, two parts wood tar and one part resin. About two pounds of this mixture is put on a steer hide in a warm liquid state with a brush. After the hide leaves the machine the second time, it is ready for the next operation. It is then moistened with water four or five times during the day. The next day it is stretched and cut into pieces suitable for belting. For purposes of lacing the thinnest hides are selected, and after they have gone through the same mode of treatment as hides for belting, they are shaved, oiled and hung up to get perfectly dry, when the hide is cut into strings. In order to more fully understand my mode of preparing hides, I avoid the use of lime, acid or alkali, for just to the amount a hide is impregnated with such substances it suffers in its tensile strength and toughness; a slow but constant dissolution is going on with hides so impregnated. If the effects of the aforesaid substances are in some way neutralized, which must be a chemical one, the hide suffers again in this process. The power to resist abrasion, and the extreme tensile strength for which pure rawhide is noted, are irreparably lost. [I am aware that hides and skins have been prepared by a fulling or bending operation to render them pliable, but this mode alone does not answer for the preparation of machine belts and lacing. It is necessary to make use of a preparation substan-

tially such as before described to render the rawhide fit for use and durable.] The tallow has the effect of imparting a high degree of elasticity and keeps the moisture. The wood tar prevents dogs, cats, mice, vermin, etc., from attacking the hide, at the same time causing the tallow to enter the hide quickly and thoroughly. The resin gives the belting a certain solidity and glossy appearance, and assists also in preventing animals and vermin from attacking the belting. Belts and lacing made of such prepared hide are in all respects stronger, more lasting and cheaper than those made from common leather."

The claim is as follows: "The treatment of the prepared rawhide in the manner and for the purposes set forth."

The bill of complaint is in the usual form. The answer sets up want of novelty and non-infringement. It also avers that the process set forth in the patent is composed of a series of steps, consisting of (1) the removal of the hair from the hide by means of sweating; (2) drying the hide perfectly hard; (3) then softening the hide slightly by soaking in water; (4) fulling the hide; (5) stuffing the hide with twenty parts of tallow, two parts of wood tar, and one part of resin; (6) fulling the hide a second time; (7) repeated moistenings with water; and (8) stretching and cutting into belting. It avers that the supposed importance of the plaintiff's alleged invention is the avoidance of the use of lime, acid or alkali in the treatment of the hides, and the consequent avoidance of the use of any chemical agents to neutralize the action of such lime, acid or alkali; that the process employed by the defendants is substantially different from that of the patent; that the process of removing hair by sweating the hide was known and practised long before the supposed invention of the plaintiff; that the process of fulling hides is indispensable, and has been practised ever since the art of tanning and curing hides was known; that the process of stuffing hides with tallow and greasy substances, and with various admixtures of resinous substances, tallow and other materials, had been known from the earliest days of the art of manufacturing leather; and that a patent was granted to the defendant William Coupe,

No. 182,106, September 12, 1876, for an improvement in processes for the manufacture of rawhide, under which the defendants carry on their manufacture, and make a different product from that produced by the process of the plaintiff's patent. Issue was joined, proofs were taken, and the Circuit Court entered a decree in March, 1889, dismissing the bill, with costs. The plaintiff has appealed to this court.

The opinion of the Circuit Court is reported in 38 Fed. Rep. 113. It held that the process of the patent consisted of the series of eight steps above set forth in the answer. It considered the questions whether the claim was intended to cover all, or only a part, of the eight successive steps; and whether it meant the method of preparing rawhide in the manner set forth, or whether the words in the claim, "prepared rawhide," signified a hide which had been subjected to one or more of the eight steps, and the claim was limited to the subsequent steps of the process. The court went on to say that that inquiry was important because, if the claim covered all of the eight steps, the defendants did not infringe it, for the reason that they did not use the first step of the process, namely, the removal of the hair from the hide by means of sweating, they making use, for that purpose, of the liming process, which the plaintiff stated in his specification must be avoided. The court held that the claim covered, and was intended to cover, the whole treatment described by the plaintiff, and not a part of that treatment; that the claim meant the same as if it read "the method of preparing rawhide in the manner set forth;" and that the words "prepared rawhide" meant the finished product, and not the hides subjected to one or more of the steps of the process described. The court then referred to the contents of the file-wrapper of the case in the Patent Office, as throwing light upon the real scope of the patent.

The specification, as originally filed, contained, in its descriptive part, substantially the same description as the patent when issued; but the claim originally made was in these words: "The use of a mixture of wood tar, resin and tallow, applied to hides made into leather by a mechanical process, substan-

tially as and for the purpose herein set forth." The application was rejected January 4, 1873, on the ground that the combination of ingredients set forth, that is, wood tar, resin and tallow, had been applied to leather for similar purposes, as shown in a patent and a rejected application referred to. On June 10, 1873, the specification was amended by inserting the two sentences which are contained in brackets in the specification as hereinbefore set forth, the claim was erased, and the following two claims were inserted in its place: "First. The mode herein specified of preparing rawhides for machine belts, lacing or ropes by the fulling or bending operation and the preserving mixture, substantially as set forth. Second. A belt or rope of rawhide prepared in the manner and with the materials specified, as a new article of manufacture." The application was again rejected, June 16, 1873, in a communication from the Patent Office, which stated that the only feature of novelty presented which was not embraced in a patent granted May 12, 1868, to Herman Royer and Louis Royer, No. 77,920, for an improved machine for treating hides was the addition to the compound, of tar and resin, as ingredients for preserving leather; and reference was made to another prior patent, granted to another person, as embracing such ingredients; and it was stated that the use of the compound claimed by the plaintiff in the manufacturing process would not leave a distinguishable feature in the article when placed upon the market.

The patent of May 12, 1868, thus referred to, is the same patent of that date mentioned in the specification of the patent now in suit. The specification of No. 77,920 says: "The nature of our invention is to, provide an improved machine for converting rawhides into leather, of that class which is used for belting, lacings and other purposes where it is necessary to preserve the native strength and toughness without destroying or impairing the natural fibres or grain of the leather. In order to accomplish our object, we employ a machine mounted on a suitable frame, having a vertical slotted shaft, to which is attached, at its base, a bevelled wheel between two bevelled pinions upon a horizontal shaft.

Around the vertical shaft is placed a row of vertical pins or rollers, held in place by upper and lower rings, one of which is firmly bolted to the frame. An iron weight or press is employed for crowding the coil of hide down after it has received the forward and back action around the shaft." The specification describes the operation of the machine as being, that the end of the rawhide, after it has been deprived of the hair, is introduced into a slot in the vertical shaft, and set-screws are turned against it, when motion is imparted to the machine, and the hide is wound tightly around the shaft; that, when this is accomplished, and sufficient time has elapsed, the shaft is slowly reversed by throwing a second bevelled pinion into gear, when the hide commences to uncoil or double back from the shaft, which, with the folding back and pressing against vertical pins or rollers, produces the desired result of stretching in one way, and compressing, corrugating or roughing in the opposite direction. The specification further says: "The hide so operated upon is then treated with oil and tallow in the usual way." The process of the machine of patent No. 77,920 is called in the specification of No. 149,954, "the process of fulling."

In a communication from Royer's attorney to the Patent Office, of October 9, 1873, it is stated that the material prepared according to the plan of Royer, set forth in his application for No. 149,954, is a superior article; that the use of tallow and tar upon leather was old, but rawhide fulled was not leather; and that the materials named acted with the rawhide very differently from what they did with leather. The same communication erased the second claim introduced June 10, 1873, namely, "Second. A belt or rope of rawhide prepared in the manner and with the materials specified, as a new article of manufacture." In response to that letter, the Patent Office, on October 17, 1873, informed Royer, that, independently of the process set forth in patent No. 77,920, "for which protection has already been granted," a claim for the treatment of rawhide in the manner described in the specification then pending might receive favorable consideration, and that the body of the specification should be amended

with the view of presenting a claim of the character referred
to.   On the 29th of October, 1873, Royer amended his specifi-
cation in certain particulars, erased the remaining claim and
inserted the claim contained in the patent as issued.   On the
12th of November, 1873, in compliance with the suggestion
of the Patent Office, Royer further amended his specification,
and the patent was issued, the final fee not having been paid
until April 16, 1874.

The opinion of the Circuit Court states, that on June 10,
1873, as appeared by the file-wrapper and contents, the plain-
tiff sought to limit his claim to a method of preparing rawhide
for belting by the fulling and bending operation and the pre-
serving mixture; that that claim was rejected, and he acqui-
esced in the decision; that the Patent Office intimated that a
claim for the treatment of rawhide in the mode described in
his patent might be allowed; that the plaintiff accordingly
amended his specification and claim in conformity with that
suggestion, and the patent was consequently granted; that in
view of the prior state of the art, the plaintiff was not entitled
to a broad claim for a process which should embrace only the
fulling and bending operation and the preserving mixture
composed of tallow, tar and resin, for both of these things,
as applied to converting hides into leather, were old; that it
followed that the only subject-matter of invention which the
plaintiff could properly claim was the whole process described
in his patent, comprising the different steps therein set forth;
that the most that could be said of the plaintiff's patent was
that it was for an improved process; that, in that view, it
must be shown that the defendants used all the different steps
of that process, or there could be no infringement; that the
defendants did not use the sweating process, which was the
first step in the plaintiff's treatment, and therefore did not
infringe; that the patent had been construed by Judge Drum-
mond, in the Circuit Court of the United States for the North-
ern District of Illinois, in *Royer* v. *Chicago Manufacturing
Co.*, 20 Fed. Rep. 853, in which it was said: "If this is a valid
patent for a process, it must be limited to the precise, or cer-
tainly, substantial, description which has been given in the

specifications; and, in order to constitute an infringement of that process a person must be shown to have followed substantially the same process, the same mode of reaching the result as is described in the specifications;" that the court agreed with that conclusion; that if the contention of the counsel for the plaintiff were correct, that the plaintiff had invented an entirely new process, which had revolutionized the art of preparing rawhide for belting and other purposes, it might be that the court ought to give that broad construction to the patent which was justified in the case of a foundation patent; but that when, as in this case, all the substantial steps in the process were old, the utmost that the plaintiff was entitled to was protection against those who used, in substance, his precise process.

We are of opinion that the views set forth by the Circuit Court are sound, and that the decree must be affirmed. The words in the claim, " prepared rawhide," refer to the completed article as prepared for final use by the treatment set forth in the specification; and the claim is one for the treatment or process by which rawhide is put into the condition resulting from the treatment it receives by the entire process applied to it. After the hair is removed from the hide by the process of sweating, and it has afterwards lost its stiffness by being inserted in water, it is subjected to " the process of fulling," with a mixture of tallow, wood tar and resin applied to it. The specification states, in substance, that Royer's mode of " preparing hides " comprehends, as a part of such mode, the sweating of the hides, because the specification states that in such mode of " preparing hides" he avoids "the use of lime, acid or alkali." Therefore, the sweating must necessarily be included as a part of the preparation " of the prepared rawhide" mentioned in the claim, and therefore is a part of "the treatment" claimed.

The plaintiff contends that the treatment covered by the claim consists only in subjecting rawhide to a fulling process, and, at the same time, by the same mechanical action, working into it the stuffing composed of tar, resin and tallow, and that he was the first to manufacture rawhides into a new article of commerce, called " fulled rawhide."

If the plaintiff did make such an invention, and was entitled to claim a patent for it, he has failed to secure such a patent. On June 10, 1873, he put in a claim to the mode of preparing rawhides by the fulling operation and the preserving mixture. That claim was rejected by the Patent Office, and he withdrew it on October 29, 1873. Nor can he, under the present patent, claim as a new article of manufacture the rawhide thus prepared; for he made that claim on June 10, 1873, it was rejected, and he struck it out on October 9, 1873.

It is well settled, by numerous cases in this court, that under such circumstances a patentee cannot successfully contend that his patent shall be construed as if it still contained the claims which were so rejected and withdrawn. *Roemer* v. *Peddie*, 132 U. S. 313, 317, and cases there cited. The principle thus laid down is, that where a patentee, on the rejection of his application, inserts in his specification, in consequence, limitations and restrictions for the purpose of obtaining his patent, he cannot, after he has obtained it, claim that it shall be construed as it would have been construed if such limitations and restrictions were not contained in it. See, also, *Phœnix Caster Co.* v. *Spiegel*, 130 U. S. 360, 368 ; *Yale Lock Co.* v. *Berkshire Bank*, 135 U. S. 342, 379 ; *Dobson* v. *Lees*, 137 U. S. 258, 265.

The present patent was under consideration in *Royer* v. *Schultz Belting Co.*, 40 Fed. Rep. 158, in October, 1889, in the Circuit Court of the United States for the Eastern District of Missouri, where Judge Thayer took the same view of it that was taken by Judge Colt in the present case, and held that the claim of the patent did not cover broadly the method of making belting-leather by stuffing the rawhide by means of a fulling machine, with a mixture composed of tallow, wood tar and resin, and that, as the defendants in that case did not use the sweating process, but used the liming process, they did not infringe. Judge Thayer gave much force to the proceedings in the Patent Office, as showing that Royer modified his claim, which was so worded as to cover the stuffing process with the preserving mixture, and put his claim into its present form, solely in view of a communication from the Patent Office to

the effect that the whole method described by him of making belting-leather out of green hides might be patentable, thus indicating the extent of the monopoly intended to be granted.

As the defendants in the present case do not use the sweating process, but use the liming process, it follows, under the proper construction of the claim of the patent, that they do not infringe.

*Decree affirmed.*