HALE v. WORLD MFG. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. February 15, 1904.)

No. 1,233.

1. PATENTS—INFRINGEMENT—WATER STILL.

The Hale patent, No. 634,556, for a water still for the distillation of water for domestic purposes, having in combination a boiler, a condenser, and a collector, has for its essential and patentable feature a sterilizing chamber, consisting of the upper part of the boiler, above the water, into which air is admitted and carried across the surface of the water through the steam to a passage opposite the inlet, through which it passes, mixed with the steam, to the condenser. Such feature of construction, having been specifically described in the amended specification, and insisted upon as giving novelty to the combination, the other elements of which were old, cannot be disregarded but imposes a limitation upon the claims of the patent, which are not infringed by a still which is without such chamber.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

Alfred H. Hildreth (Parkinson & Richards and Benjamin Phillips, of counsel), for appellant.

Alfred M. Allen, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was a suit brought for an infringement of letters patent No. 634,556, issued to James White Hale, complainant (appellant), for an improvement in water stills for the distillation of water for domestic purposes. The court below dismissed the bill on the ground that the water still manufactured by the defendants (appellees) does not infringe any of the claims of the patent sued on. From this decree the complainant has appealed.

The Hale still is a simple apparatus, designed for domestic use. It may be placed on an ordinary range or stove. It consists of three separable parts—a boiler, in which the water to be distilled is placed; a collector for collecting the distilled water, which fits on top of the boiler; and a condenser, containing cold water for condensing the steam, which fits on top of the collector. The floor of the collector, which is flat in the exhibit shown, thus forms the top of the boiler, leaving a space for the steam between the boiler and the floor of the collector, which is bounded on the sides by the walls of the boiler. An aperture is provided in the floor of the collector, through which the steam generated in the boiler passes from the steam space to the condensing chamber. Near the top of the boiler, and opposite the aperture through which the steam passes from the boiler to the condensing chamber, an air inlet is provided, through which, it is claimed, air will be drawn, as distillation progresses, to replace that absorbed by the condensed water. This air, confined in the steam space by the floor of the collector, is required to pass over the entire surface of the boiling water, and mingle directly with the scalding steam, before rising, along with the steam, through the steam passage into the condensing chamber; and in this way, it is claimed, the steam space described acts as a sterilizing chamber, in which the air is sterilized before it is absorbed and aërates the distilled water.

The defendant's still is also composed of three separable parts—a boiler, a collector, and a condenser, arranged to fit together in the order named. The boiler and condenser are substantially the same as those of the Hale patent, and there is an air inlet in the upper side of the boiler, so as to admit air for purposes of aëration into the steam space above the boiler; but the collector, instead of being a vessel having a floor through which, on the side opposite the air inlet, a steam passage is provided from the boiler to the condenser, is a cylindrical vessel, with a cone-shaped flange on the inside, making a trough or gutter for collecting the distilled water; thus leaving a circular opening, of substantial size, in the middle of the apparatus, for the free passage of the steam from the boiler to the condenser. In other words, the collector has no bottom or floor to serve as the top of a sterilizing chamber, but the steam rises directly from the boiler, through the central

opening, into the condensing chamber. There is no attempt to confine the steam between the floor of the collector and the surface of the boiling water, so as to sterilize the air by compelling it to pass over the entire surface of the boiling water and mingle with the scalding steam before rising, through the steam passage, into the condenser. In a sense, the boiling chamber and the condensing chamber constitute one chamber, into which, from the side, the flange or gutter of the collector projects.

The only claims of the Hale patent which it is alleged are infringed are claims 9 and 10, which read as follows:

"(9) A still having, in combination, a boiler having an air inlet near its top; a collector separably connected with said boiler, said collector having a floor which, in connection with the water level within the boiler and the side walls of said boiler, forms a sterilizing chamber communicating with said air inlet, and a steam passage connecting said boiler and collector; and a condenser—substantially as set forth."

"(10) A still having, in combination, a boiler; a condenser; a collector having a floor which, in connection with the water level within the boiler and the side walls of said boiler, forms a sterilizing chamber; means for admitting air to said sterilizing chamber; and a passage connecting said boiler and collector, through which steam and sterilized air enter the collector—substantially as set forth."

An examination of the prior art satisfies us that, before Hale took out his patent, patents had been issued for water stills consisting of three separable parts—a boiler, a collector, and a condenser—and also for water stills having air inlets to admit air for aërating purposes, and likewise water stills containing provisions for purifying and sterilizing the admitted air. See the Chase patent, Nos. 392,498, 530,015, 558,775; the Hunting patent, Nos. 448,441, 468,913; the Bracher patent, No. 403,633; and the Rosebrook patent, No. 587,162.

On account of these patents, or certain of them, when application was made for the Hale patent many of the claims, including 9 and 10, were rejected. In reply to the letter of rejection, arguing for the novelty of his invention, Hale said, among other things:

"Applicant is not aware that any other person ever produced a water still in which the air was admitted to the boiler, carried across the surface of the boiling water in a nearly horizontal direction, and then admitted into the condensing chamber."

This argument not satisfying the Patent Office, Hale amended the application by changing claims 9 and 10 so as to read as they do now, and by inserting into the specification the following description of the sterilizing chamber:

"The sterilizing chamber (thus constituted by the side walls of the boiler, the bottom of the collector, and the level of the boiling water in the boiler) has a horizontal area equal to and identical with that of the boiler, so that the incoming air to be sterilized, in passing across said chamber from the air inlet to the steam and sterilized air passage leading to the collector, passes over the entire rising mass of steam, so that a thorough incorporation of the air with the steam, and consequent complete sterilization, are insured before the air passes into the collector."

In the specification the collector is described as "a cylindrical vessel open at the top, and having as its bottom a substantially horizontal

floor," and the steam passage is located "as remote as possible from the air flue."

It was the careful description of the construction and operation of the sterilizing chamber, which, in our opinion, saved claims 9 and 10 by satisfying the Patent Office that there was novelty and merit in Hale's invention. There was no novelty in the three separable parts of the still, or in the steam passage, or in the air inlet; but there was novelty in the arrangement which confined the steam in the sterilizing chamber, and compelled the admitted air to pass over the entire surface of the boiling water, and through the entire rising mass of steam, before being free to rise with the steam, through the steam passage, into the condensing chamber. The limitations thus imposed to secure the patent cannot now be disregarded. They constitute one of the terms of the grant. Campbell Printing Co. v. Duplex Printing Co., 41 C. C. A. 351, 357, 101 Fed. 282; Roemer v. Peddie, 132 U. S. 313, 10 Sup. Ct. 98, 33 L. Ed. 382; Royer v. Coupe, 146 U. S. 524, 13 Sup. Ct. 166, 36 L. Ed. 1073; Thomas v. Rocker Spring Co., 23 C. C. A. 211, 77 Fed. 420.

The water still manufactured by the defendants has no such sterilizing chamber. The collector is without a floor to form the top of the sterilizing chamber. The collector is simply a cylindrical vessel, with an inside flange, which forms a trough or gutter to collect the distilled water. The flange does not extend to or near the center, but a substantial circular opening is left in the middle of the collector, between the boiler and the condenser, through which the steam and air rapidly rise into the condensing chamber. The admitted air is not confined by the floor of the collector, and compelled to pass over the entire surface of the boiling water, mingling with the rising steam, so as to become completely sterilized before it issues through the steam passage into the condensing chamber. On the contrary, the air is free, immediately after entering the structure, to rise along the sloping flange of the collector, and through the circular opening in the middle, into the condensing chamber, together with the steam. There is no attempt, therefore, to confine the steam in a chamber for sterilizing purposes, and to compel the air to pass over the entire surface of the boiling water and mingle with it. So the essential element of the Hale patent is lacking. There is no infringement.

The judgment of the Circuit Court is accordingly affirmed.