WILLIAMS PATENT CRUSHER & PULVERIZER CO. v. PENNSYLVANIA CRUSHER CO.

(Circuit Court, E. D. Pennsylvania. February 12, 1910.)

No. 109.

1. PATENTS (§§ 160, 161*)—CONSTRUCTION—CONSIDERATION OF REJECTED CLAIMS.
    A patent must be read and construed with reference to the claims rejected and to the prior art, and cannot be so construed as to cover either what was rejected by the Patent Office or disclosed by the prior art.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 234, 235, 236½; Dec. Dig. §§ 160, 161.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** PATENTS (§ 328*)—INFRINGEMENT—CRUSHER AND PULVERIZER.

The Williams patent, No. 843,729, for a dumping cage for crushers and pulverizers, claims 1 and 2, as limited by the prior art and proceedings in the Patent Office, *held* not infringed.

In Equity. Suit by the Williams Patent Crusher & Pulverizer Company against the Pennsylvania Crusher Company. Decree for defendant.

Henry N. Paul, Jr., Joseph C. Fraley, and Frederick R. Cornwall, for complainant.

George W. Rea, for respondent.

HOLLAND, District Judge. This is a bill in equity brought for an alleged infringement of claims 1 and 2 of patent No. 843,729, dated February 12, 1907, for an improvement in cages for crushers and pulverizers, which patent was granted to Milton F. Williams, and by him assigned to the complainant company.

The defenses are noninfringement and invalidity of claims 1 and 2 of the patent, a consideration of the first of which defenses will necessarily dispose of this bill. The patent is for a "new and useful improvement in dumping-cages for crushers and pulverizers." It comprises a casing in which is arranged a horizontal shaft carrying pivotally mounted hammers or beaters, a cage pivotally mounted in the casing below said shaft, and comprising a frame carrying a rigid grinding surface, and a windlass arrangement, connected to the free end of the cage, comprising a chain, a shaft upon which the chain may be wound, a ratchet wheel on said shaft, a co-operating pawl, and a hand wheel on said shaft for rotating the same. It is claimed in the specifications that, in the event that the machine chokes, the pawl may be raised, and the dumping portion of the cage permitted to drop, discharging the major portion of the contents through the bottom, and, after the discharge, the winding drum may be manipulated through the hand wheel to raise the cage to its normal operating position.

Claims 1 and 2, which are alleged to be infringed by the defendant, are as follows:

"1. In a machine of the character described the combination of a casing, a shaft arranged horizontally in the casing and carrying pivotally-mounted hammers, a frame pivotally mounted in the casing below said shaft, a rigid grinding surface carried by said frame, a flexible device connected to said frame and winding mechanism for said flexible device, the pivot of said frame being located below the grinding surface when the frame is in operative position.

"2. In a machine of the character described, the combination of a casing, revolving hammers or beaters mounted therein, a frame pivotally mounted in said casing, a grinding surface carried by said pivotally-mounted frame, said frame being adapted to be actuated to dump the material resting on said grinding surface, a chain connected to the free end of said frame, a winding shaft around which said chain is wound to restore said frame and grinding surface to normal position, a hand wheel on said shaft for rotating same, a ratchet-wheel carried by said shaft, and a co-operating pawl for engaging said wheel to prevent retrograde movement of said shaft; substantially as described."

It will be noted that in claim 1 this improved pulverizing machine is one "of the character described" in the specification, and having a

"frame pivotally mounted in the casing below." The shaft and the pivot of this frame are "located below the grinding surface when the frame is in operative position," and in the second claim we find that "said frame is adapted to be actuated to dump the material resting on said grinding surface," and this actuating device is a chain connected to the free end of the said frame, a winding shaft "around" which said chain is "wound" to restore the said frame and the grinding surface to its normal position, a hand wheel "on said shaft" for rotating the same.

These are the claims allowed by the Patent Office. In the first the "frame pivotally mounted in the case below" is restricted to a "frame" which is "located below the grinding surface when the same is in operative position"; and, in the second, the machine of the character described, to wit, a pulverizing machine capable of being dumped, is restricted to a "frame being adapted to be actuated to dump the material resting on said grinding surface" by a chain connected to the free end of the frame and wound at the other end around a winding shaft, and a hand wheel "on said shaft" for rotating the same and a ratchet wheel, etc. This part of the machine embodied in the dumping device attached is restricted to the precise parts used. An examination of the prior art as found in patents heretofore granted embodies devices for raising and lowering a frame carrying a grinding surface in pulverizers of this character, and actuating machinery for that purpose. Some of these patents were cited against the claims submitted by the complainant, and, after a number of broader claims submitted were rejected, the Patent Office finally allowed claims as now appears in patents 1 and 2 only after they had been limited as hereinabove indicated. If the complainant is permitted to broaden the scope of his claim so as to include the defendant's device, it at the same time makes them sufficiently broad to cover what already existed in the prior art at the time his patent was granted.

In Hubbell v. United States, 179 U. S. 80, 21 Sup. Ct. 24, 45 L. Ed. 95, it is said the claim as allowed must be read and interpreted with reference to the rejected claim and to the prior art, and cannot be so construed as to cover either what was rejected by the Patent Office or disclosed by prior devices. See, also, Corbin Cabinet Lock Co. v. Eagle Lock Co., 150 U. S. 40, 14 Sup. Ct. 28, 37 L. Ed. 989; Royer v. Coupe, 146 U. S. 524, 13 Sup. Ct. 166, 36 L. Ed. 1073; Brill v. St. Louis Car Co., 90 Fed. 667, 33 C. C. A. 213; Walker on Patents, § 187a.

It will not be necessary to consider the question of the validity of the two claims of complainant's patent in question. The file wrapper of the Patent Office makes it very clear that this dumping cage for crushers and pulverizers is restricted in its structural limitations to one in which "the pivot of the frame is located below the grinding surface when the frame is in operative position"; and in the second claim these limitations are to "a chain connected with the free end of the said frame, a winding shaft around which said chain is wound, * * * and a hand wheel on said shaft." As to its functional limitations, it is limited to the dumping feature of the actuated frame. The device used by the defendant is not a dumping cage, nor is the pivot of the frame located below the grinding surface when the frame is in opera-

tive position, nor is the actuating device used by it like the one described in claim 2 of complainant's patent. It is evident that the pivot of the complainant's cage is located sufficiently low down under the grinding surface, which location, in connection with the short section of the lower half of the casing, enables the cage to swing down quite or nearly to a vertical line, resulting in the dumping of all material that may be resting upon the cage. In the defendant's cage, however, the pivot is not located below the grinding surface when the cage is in operative position. It is located more to the side of the casing, and the cage, which is the grinding surface of the machine, comprises nearly the whole lower half of the casing. When it is swung down, it will not dump the material resting upon it, but it is so arranged that any foreign substance can be removed by the hand. The arrangement, however, is intended for the purpose of adjusting the grinding surface to the hammers as they shorten from wear. The actuating device is entirely different from the one used by the complainant, although it performs the same function, which is to lower and raise the cage, but the lowering and raising of a cage was old in the art and other devices had been used for that purpose. The complainant in claim 2 was restricted to the mechanism therein set forth, and it cannot now enlarge that claim to include other devices, such as the one adopted by the defendant.

Having concluded that the defendant's machine as manufactured by it and set forth in a stipulation made part of this record does not infringe claims 1 and 2 of complainant's patent, the prayer of the complainant's bill is refused, and the bill dismissed, with costs.