HEITLER et al. v. BROOKLYN SHIELD & RUBBER CO.

(District Court, E. D. New York. February 14, 1924.)

1. Patents ⌾328—1,353,750, for a garment with cut-out portions to provide openings, held void, and not infringed.

Claim 2 of patent No. 1,353,750, to Heitler, for "a garment, comprising a body including trunk and limb encircling portions, said garment being formed with a number of cut-out portions adjacent its side edges whereby to provide openings, through the body of said garment, entirely inclosed by an integral portion of said body," held void for anticipation and noninvention, and not infringed, if valid.

2. Patents ⌾160—Argument before Patent Office may confirm construction of patent.

The argument before the Patent Office cannot control or restrict the plain language of the claim finally allowed, but applicant cannot claim anything which was rejected; hence, if the patent bears on its face a particular construction, the argument made before the Patent Office may confirm that construction.

3. Patents ⌾45—Evidence of commercial success does not show patentable novelty.

Where the anticipation is clear, the art is crowded, and there is no showing that plaintiffs' patent has supplied a long-felt want, where others have failed, or that it has driven other competitors out of the field, evidence of its commercial success does not show patentable novelty.

---

⌾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Patents ⟨©⟩45—Commercial success, attained by cataloguing by mail-order houses, held not to show contribution to art.**

Where the commercial success attained by plaintiffs is in a large measure due to the advertising received by the cataloguing of their structure by large mail-order houses, it does not show that plaintiffs made any substantial contribution to the art.

**5. Patents ⟨©⟩234—On issue of infringement, comparison made with claim language.**

To determine the question of infringement, comparison of defendant's structure must be made with the claim language of the patent in suit, and not with plaintiffs' commercial structure.

In Equity. Action by Kurt Heitler and another against the Brooklyn Shield & Rubber Company. Decree for defendant, dismissing the complaint.

Munn, Anderson & Munn, of New York City (John K. Brachvogel, of New York City, of counsel), for plaintiffs.

Philip C. Peck, of New York City, for defendant.

CAMPBELL, District Judge. This is an action in equity to restrain the alleged infringement by the defendant of patent No. 1,353,-750, issued by the United States Patent Office to Kurt Heitler, dated September 21, 1920, and for damages. The defendant interposed the answer of invalidity and noninfringement. The plaintiff Rubberized Sheeting & Specialty Company is the patentee's licensee under an oral license.

[1] Plaintiffs base this suit on claim 2 of the patent in suit, which reads as follows:

"2. A garment, comprising a body including trunk and limb encircling portions, said garment being formed with a number of cut-out portions adjacent its side edges, whereby to provide openings, through the body of said garment, entirely inclosed by an integral portion of said body."

This art is crowded, as appears from the following patents, all issued by the United States Patent Office, which were offered by the defendant to show the prior state of the art:

Patent No. 36,125, dated August 5, 1862, issued to Elizabeth Higgins, discloses:

"A pair of short breeches made of some suitable material—such as thin india rubber cloth or oiled silk—through which water will not readily pass, the waistband being gathered in and attached to an elastic band, which holds them up, while the ends of the legs of the breeches are made to fit close to the thigh of the wearer by elastic bands applied thereto."

After stating the material which the patentee preferred, she said:

"And to introduce eyelets *s* in the seam down each leg for the purpose of affording ventilation."

Patent No. 346,087, dated July 27, 1886, issued to Joseph J. Byers, discloses the effective ventilation of waterproof and other garments by the employment of perforations in the shoulders and upper portions of the sleeves.

Patent No. 353,963, dated December 7, 1886, issued to Richard H. Paine, discloses:

⟨©⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"An undervest, jacket, or similar garment, composed externally of gossamer rubber fabric and internally of flannel, felt, or other suitable material, the outer fabric of gossamer being perforated to admit air between said outer and inner fabrics for the purpose of ventilation and to prevent dampness from condensation of bodily exhalation."

Patent No. 397,543, dated February 12, 1889, issued to John Sidney Goldsmith, discloses:

"Ventilated garments having their ventilating holes at the armpits, in the sides of the body of the garment, and in the inner sides of the sleeves."

Patent No. 405,903, dated June 25, 1889, issued to Charles F. North. discloses a nether garment, with looped openings at the side edges of the garment, with buttoned waistband.

Patent No. 623,658, dated April 25, 1899, issued to George R. Everson, discloses a nether garment with a waistband like a belt and two side openings O and O'.

Patent No. 700,177, dated May 20, 1902, issued to Beecher M. Crouse, discloses a garment protector in which the front and rear portions are separated by side vents v.

Patent No. 701,744, dated June 3, 1902, issued to Henry M. Love, discloses a nether garment with looped openings at the side edges, with buttoned waistband.

Patent No. 954,132, dated April 5, 1910, issued to Richard P. Prendergast, discloses a nether garment for men having a belt waistband, and with long vertical slots at the sides; the vertical edges being connected by straps.

Patent No. 1,144,631, dated June 29, 1915, issued to Natalie M. Bartlet, discloses a nether garment with a waistband, in which is arranged an elastic strip and side openings for practically the full length of the garment.

Heitler, in the patent in suit, conceded that such garment protectors "usually included a rubber casing, which was to encircle the limbs and abdomen of the wearer," and had "usually been constructed of a waterproof material, such as sheet rubber." We therefore find that a garment comprising a body including trunk and limb encircling portions was old in the art, and this was true, even when the garment was made of sheet rubber. The use of a belt or waistband was old and well known to the art before the alleged date of invention of the patent in suit.

The problem which Heitler thought he had to solve, as appears by the patent in suit, was to provide proper ventilation at the sides of the garment without interfering with its protective features. Therefore he provided in claim 1 of the patent in suit:

"Said garment being cut out along certain parts of the side edges of said limb portions, whereby to provide a number of openings spaced from one another by means of integral straps."

And in claim 2:

"Said garment being formed with a number of cut-out portions adjacent its side edges."

On October 3, 1919, Heitler filed his application for the patent in suit, which contained four claims, all of which were rejected on Bartlet,

No. 1,144,631, supra, and on the French patent to Société dite "Ise," 405,344, December 27, 1909, 1 sheet, class 128–287.

On November 7, 1919, the applicant by way of amendment filed two other claims, the second of which was in the words of claim 1 of the patent in suit. The Examiner rejected said claim 1 again, on citation of Bartlet and the French patent, but allowed claim 2.

On December 15, 1919, the applicant again by way of amendment filed two more claims, which were rejected by the Examiner on the same citations; claim 2 aforesaid standing allowed.

On April 9, 1920, the applicant, by way of amendment, filed two other claims, to be substituted for claims 1 and 3; claim 3 being in the words of claim 2 of the patent in suit. At the time of filing the last-mentioned claims, the attorneys for the claimant urged the allowance of these claims, and set forth the alleged novelty as follows:

"It is thought, however, that the limitation as to the integral body surrounding the cut-out portion of the garment clearly differentiates these claims from the art cited."

Claim 1 was rejected, as not differing materially from claim 3, and claim 3 was allowed. Claims 2 and 3, which had been allowed, were renumbered, and became claims 1 and 2, and the patent issued.

[2] Of course, such argument cannot control or restrict the plain language of the claim finally allowed (A. G. Spalding & Bros. v. John Wanamaker, 256 Fed. 530, 167 C. C. A. 602), but the applicant cannot now claim anything which was rejected. Van Epps v. United States Box Board & Paper Co. (C. C.) 137 Fed. 418. Therefore, if the patent bears on its face a particular construction, the argument made before the Patent Office may confirm that construction. Goodyear Dental Vulcanite Co. v. Davis, 102 U. S. 227, 26 L. Ed. 149.

In the face of the art cited by the Examiner, Bartlet, No. 1,144,631, and the French patent, No. 405,344, the argument on behalf of the applicant had weight, because both of those patents show garment protectors of substantially the same type, having elongated openings extending vertically from top to bottom over the thighs of the wearer, with transverse elastic bands or tapes bridging the openings, to hold the spaced apart front and rear parts of the garment yieldingly in position, and by the limitation as to the integral body surrounding the cut-out portion of the garment the applicant did clearly differentiate claim 2 of the patent in suit from the art so cited.

If the Patent Office had cited all the pertinent patents, the presumption of validity would be sufficient to sustain the patent; but in the instant suit that presumption is greatly weakened, if not entirely rebutted, because of the failure of the Patent Office to cite patent No. 36,125, issued to Elizabeth Higgins, dated August 5, 1862. International Co. v. Young (C. C. A.) 284 Fed. 831. Claim 2 of the patent in suit reads on Higgins' dress protector as follows; reference being made to Higgins in parentheses:

A garment, comprising a body including trunk and limb encircling portions (Higgins A and A'), said garment being formed with a number of cut-out portions adjacent its side edges (Higgins, five eyelets s in the seam down each leg), whereby to provide openings (Higgins, "for the purpose of affording ven-

tilation") through the body of the garment (Higgins, A and A'), entirely inclosed by an integral portion of said body (Higgins, eyelets s cut out of the integral body A and A').

If the Higgins dress protector shown in patent No. 36,125 were later, it would infringe claim 2 of the patent in suit, and that which infringes, if later, anticipates, if earlier. Peters v. Active Mfg. Co., 129 U. S. 530, 9 Sup. Ct. 389, 32 L. Ed. 738; Knapp v. Morss, 150 U. S. 221, 14 Sup. Ct. 81, 37 L. Ed. 1059; Miller v. Eagle Mfg. Co., 151 U. S. 203, 14 Sup. Ct. 310, 38 L. Ed. 121.

While it is not necessary that there be manufacturing under a patent in order to sustain it, the fact is that there are still on the market baby pants of the character disclosed in the Higgins patent; there being three, instead of five, eyelets on each leg. The difference in the size of the cut-out portions adjacent to its side edges entirely inclosed by an integral portion of said body in plaintiff's patent, and the eyelets in that of Higgins, is only of degree, and therefore claim 2 of the plaintiff's patent in suit is void, because anticipated by the Higgins patent.

[3] Plaintiffs offered evidence tending to show commercial success, but that is only one of the elements which go to show patentable novelty, if the question of invention be in doubt. Locklin v. Buck, 159 Fed. 434, 86 C. C. A. 414. When, as in the instant case, the anticipation is clear, the art is crowded, and there is no showing that plaintiffs' patent has supplied a long-felt want where others have failed (Boston Pencil Co. v. Automatic Pencil Co. [C. C. A.] 276 Fed. 911), or that it has driven other competitors out of the market, such evidence does not show patentable novelty.

[4] In the instant case the success attained by the plaintiffs would seem to be in a large measure due to the advertising received by the cataloguing of their structure by the large mail-order houses, as shown by the witnesses produced, and therefore it does not show that plaintiffs made any substantial contribution to the art. McClain v. Ortmayer, 141 U. S. 428, 12 Sup. Ct. 76, 35 L. Ed. 800. In my opinion, claim 2 of the patent in suit is void for anticipation by Higgins, and, considering all the evidence in this case, for noninvention.

If, however, I am in error on these points, I am unable to find infringement. Defendant does not in its structure copy claim 2 of the patent in suit, but follows the prior art. Claim 2 of the plaintiffs' patent in suit is strictly limited by the plain language used, and plaintiffs can make no point that Heitler was not called upon by the Patent Office or the prior art to so limit said claims. Royer v. Coupe, 146 U. S. 532, 13 Sup. Ct. 166, 36 L. Ed. 1073; Merrill v. Yeomans, 94 U. S. 568, 24 L. Ed. 235; Fulton v. Powers (C. C. A.) 263 Fed. 582.

Claim 2 of the patent in suit calls for "a number of cut-out portions adjacent its side edges, whereby to provide openings." This, in my opinion, means a plurality of such openings, and not one opening on each side. It also calls for such "openings through the body of said garment, entirely inclosed by an integral portion of said body."

[5] In order to determine the question of infringement, comparison of defendant's structure must be made with the claim language of the patent in suit, and not with plaintiffs' commercial structure. De-

fendant's structure comprises a sheet rubber body with trunk and limb encircling portions. At each side a U-shaped piece is cut out from the waist line, and the upper edges are overlapped to form a continuous waistband with a looped elastic band carried in the shirred hemmed pocket to cover the elastic and make a neat appearance.

The sheet rubber body, with trunk and limb encircling portions, is concededly old in the art, and Heitler did not claim it as a novel feature. The side slits follow the prior art, as shown by the following: Crouse, No. 700,177; North, No. 405,903; Everson, No. 623,658; and in Kleinert's simplex style, No. 3,100 (Defendant's Exhibit C), except that in some there is the buttoned waistband, instead of the elastic hemmed-over shirred band.

No mention is made in claim 2 of the patent in suit of the waistband, and in the specification it is provided that the garment body may be provided with any convenient form of belt. Therefore it is not important, as there were several forms known to the art long before Heitler filed his application.

As I have hereinbefore stated, Heitler claimed as his chief novel feature in order to obtain a patent, and in my opinion he clearly expressed in claim 2 of the patent in suit, the manner in which the openings were to be formed, "openings through the body of said garment, entirely inclosed by an integral portion of said body," and the said claim 2 of the patent in suit is, both by its own plain language and the prior art, strictly limited. The looped openings shown in the defendant's structure are not the equivalent of the "openings through the body of said garment, entirely inclosed by an integral portion of said body."

Claim 2 of the patent in suit cannot be read upon the defendant's structure; but, if it was construed to cover the defendant's structure "Bunny No. 51," it would be void for lack of novelty, as covering Higgins, No. 36,125, Crouse, No. 700,177, and Kleinert's simplex style, No. 3,100 (Defendant's Exhibit C), all of which antedated the application for the patent in suit by more than two years. In my opinion the defendant does not infringe claim 2 of the plaintiffs' patent in suit.

A decree may be entered in favor of the defendant, dismissing the plaintiff's complaint, with costs.