### JAMES FERRY CO., Inc., v. ATLANTIC CONST. CO. et al.
### No. 3961.

District Court, D. New Jersey.
July 22, 1932.

Cole & Cole, of Atlantic City, N. J., and Munn, Anderson, Stanley, Foster & Liddy, of New York City, for plaintiff.

Franklin J. Foster and Morris Hirsch, both of New York City, and Joseph A. Corio, of Atlantic City, N. J., for defendants.

AVIS, District Judge.

Plaintiff filed its bill of complaint against the defendants, claiming ownership of letters patent No. 1,593,445 for a "method of installing mushroom piling." The bill alleges that the patent in suit was the joint invention of James V. Ferry and Anthony Paul Miller; that said patent was assigned by the inventors to the plaintiff, who, at the time of the filing of the bill, was the sole owner thereof; and that the defendants have infringed, by employing the patented method, particularly in Atlantic City, N. J. The allegation against the defendant Miller is personal and that he is an executive officer, director, and large stockholder of the defendant corporation.

The bill prays for injunction and accounting.

The answer of the defendants admits the issuance of patent as charged in the bill; denies there was a valid assignment of the interest of defendant Miller to plaintiff; denies the infringement of the patent; and denies that Ferry and Miller are joint inventors of the method, within the meaning of the patent statute. There is also a general denial of liability.

With the answer defendants filed defenses, in which it is asserted that Miller never made a valid assignment of his interest in the patent, to plaintiff, and that he is still the owner of a one-half interest therein; that the defendant corporation has been licensed by Miller to use the patent method; that the methods used by the defendants are not within the scope and purview of the patent; that the patent, if valid, must be given such a narrow interpretation, as to exclude any possibility of defendants' meth-

ods infringing; alleges invalidity of the patent, claiming that Ferry and Miller were not original, first, and joint inventors; sets up sundry patents which they claim anticipate the patent in suit, and that the method in the patent is not distinguishable from the prior art.

The counterclaim then sets up the claim that the plaintiff comes into court with unclean hands, based upon the statement that the plaintiff and corporate defendant are competitors, and that the plaintiff has harassed and annoyed customers of the corporate defendant, by notices of infringement and threats of suit. An amendment to the answer sets up the further defense that the plaintiff failed to pay to Miller the consideration for the assignment of the patent, and that therefore defendant Miller still owns a one-half interest in the patent in suit.

With the answer defendants also filed a counterclaim, alleging an unlawful campaign of misrepresentation and threats to defendants and their customers in the nature of slander, and prays for damages by way of gains and profits accruing to the plaintiff; injunction against the plaintiff, for the payment of costs, etc., and for the dismissal of the bill of complaint.

Plaintiff replied to the counterclaim, denying all of the allegations thereof.

The first issue, of course, involves the validity of the method patent, and its ownership.

The patent, No. 1,593,445, was issued July 20, 1926, to James V. Ferry and Anthony Paul Miller. The general specification of the method thereunder states that it is to be used and operated in beach sand, and the first process is the lowering of the subterranean waters to a predetermined level by means of well points, the level of the water to be at the approximate top of the mushroom chamber. The next step is to dig a hole with a post hole digger, and when the hole is at a point corresponding with the top of the mushroom to be constructed, the insertion in the excavation of a metal shell, the lower end of which would be at the top of the mushroom; then to continue digging, the effect of which is to cause a caving of the wet sand surrounding and below the lower end of the metal shell, the digging in the center causing the wet sand to run to the low point, which is withdrawn by the post hole digger, and thus creating an area of excavation of such proportions as may be desired, into which the concrete is poured from the ground level. This forms the mushroom, and the pile being poured at the same time, the mushroom and pile comprise one solid unit.

The claims of the patent method are substantially as above stated. Defendants attack the validity of the patent on the ground that it is not a joint invention of the patentees. The patent is prima facie valid. The defendant Miller signed the application, and swore to the facts set forth therein before a notary public, on December 18, 1925, and should not, at this time, be permitted to invalidate the patent on this ground, unless the showing of fact is overwhelmingly convincing. The evidence does not satisfy me that Miller's contentions are in any way sustained. As a matter of fact, I am satisfied from the evidence that the invention was the result of the joint efforts of the parties. The contribution of Ferry may not have been as great as that of Miller, but I am satisfied that the patent was legally issued to both parties.

The second point raised is that the assignment by Miller of his interest in the patent to the plaintiff is void, for failure of consideration. While there may be some testimony indicating that this was a fact, there was also a denial, and in the face of the executed assignment, I am not convinced that Miller did not receive full consideration.

The proof satisfies me that the plaintiff is the owner of the patent in suit.

I have made a careful examination of the patent and the claims, as well as the file wrapper introduced in evidence, and also of the anticipations, and the condition of the prior art. It would seem the allowance of the patent was based upon the running and caving of the sand, and that the scope of the patent is confined to this characteristic.

The claims first provide for the lowering of the water level by well points. This was not patentable, as it was old in the art at the time of the filing of the application, and could only be covered by the patent to the extent that it was used to cause the sand to run and cave. The "sinking of the vertical shaft" certainly is not patentable, and is only a method of reaching the point where the sand is supposed to run and cave, and to provide the opening to be ultimately filled with concrete and form the mushroom.

The method of digging was not patentable, except as, in conjunction with the metal shell, it causes the water, which had been

lowered to a predetermined point, to loosen the sand, causing caving and running, and thus create the cavity. A fair construction is to hold that the combination constitutes the patent and plaintiff's rights thereunder.

Counsel for the plaintiff claimed that the digging in the manner prescribed, and the pouring of water from the top of the excavation, to cause the sand to run and cave, constituted an infringement of the patent. In view of the fact that this was one of the original claims for the invention, that it was rejected by the Commissioner of Patents, and apparently eventually abandoned by the petitioners, such a method cannot be considered as an infringement of the patent in suit. See Sutter v. Robinson, 119 U. S. 530, 541, 7 S. Ct. 376, 30 L. Ed. 492; Royer v. Coupe, 146 U. S. 524, 532, 13 S. Ct. 166, 36 L. Ed. 1073; Knapp v. Morss, 150 U. S. 221, 224, 225, 14 S. Ct. 81, 37 L. Ed. 1059.

The utility of the patent is assailed, but this cannot avail to protect the defendants, as they claim the right to use it as a patented method, and further the evidence satisfies me that the method has a utility sufficient to sustain the invention.

The patent being valid to the extent indicated, the next matter to be decided involves the question of infringements, which are entirely matters of fact.

Plaintiff claims, and has offered testimony endeavoring to prove, infringement practiced by defendants on four different operations, and in the evidence they are indicated:

(1) Schwartz job.

(2) McAllister coal pocket job.

(3) McAllister oil tank job.

(4) Iroquois or Ludy job.

I have examined the testimony carefully, and have also read the briefs submitted fully. It would answer no good purpose for the court to analyze the proofs. The duty rests upon the plaintiff to establish its case by a preponderance of the evidence. I am satisfied that it has sustained this burden with relation to the Schwartz job and the Iroquois job, but that it has failed to do so as to the other two. The defendant Miller was the operator or constructor in the Schwartz job, and both defendants were engaged on the Iroquois job.

The defendants did not offer proof sufficient to satisfy me that the plaintiff came into court with unclean hands. The finding of validity of the patent would justify plaintiff in notifying the defendants, and persons by whom they were employed, of the provisions of the patent, in all instances where they had reasonable cause to believe that the method was being infringed.

The counterclaim filed by the defendants, claiming damages because of alleged unlawful acts and practices of plaintiff, may or may not be within the jurisdiction of this court. I am inclined to think that there is no jurisdiction. However this may be, there is not, in view of all the testimony and the sustaining of the patent, sufficient proofs to satisfy me that any decree should be entered against the plaintiff on the counterclaim.

I find as facts:

(1) That the patent is valid to the extent hereinbefore set forth.

(2) That the patent was the invention jointly of Ferry and Miller.

(3) That the assignment by Miller of his interest in the patent to the plaintiff was valid and for consideration which he received.

(4) That the patent method was infringed by the defendant Miller in the Schwartz job and by both defendants in the Iroquois job.

(5) That there was no infringement by defendants in the McAllister coal pocket and/or oil tank jobs.

(6) That there is a utility in the patent method, which is limited to the combination of operations as hereinbefore stated.

(7) That the pouring of water in the excavation, and creating the mushroom chamber by operating a digger in a vertical or whirling motion, or by cutting the mushroom chamber with cutting instrument described in the evidence, is not an infringement.

As matters of law, I find:

(1) That the patent is valid.

(2) That the acts of defendant Miller entitled plaintiff to injunction against him, as prayed, because the Schwartz job was performed by him, and the Iroquois job was performed by the defendant corporation, of which Miller was president, and actively engaged in the management of the methods used in the latter construction.

(3) That the corporate defendant should be enjoined from using the methods of patent, an infringement of which appears by the method used in the Iroquois construction.

(4) That both defendants should account to the plaintiff for the damages sustained by the plaintiff due to the infringement.

Decree will be signed accordingly.