### GELLMAN v. OLIVER MACHINERY CO.

No. 2682.

District Court, W. D. Michigan, S. D.

Feb. 8, 1935.

Threedy & Cannon, of Chicago, Ill., and Fred P. Geib, of Grand Rapids, Mich., for plaintiff.

Frank E. Liverance, Jr., of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

This suit, which involves the usual issues of validity and infringement, is based upon claim 3 of patent 1,951,606, issued to I. C. Gellman, March 20, 1934, on application filed March 8, 1932, for "blade guide." Claim 3 reads:

"3. A bread slicing machine comprising a feed chute having a row of slots formed therein adjacent one end thereof, alternating series of spaced reciprocating slicing knives movable through said slots for slicing operation upon loaves of bread fed along said chute, and a stabilizer in operative relation with respect to the knives for stabilizing the knives during slicing operation upon said loaves of bread and comprising a body member secured to the chute and having a row of slots formed therein through which the knives are adapted to move during slicing operation upon the loaves 'of bread with the walls of said slots providing relatively large bearing surfaces for said knives, the said slots of the said body being disposed in substantial alignment with respect to the slots of said chute and being of a width less than the width of the said slots of said chute, substantially as described."

The objects of the invention are stated as follows:

"Further, it has been found that lateral vibration or sway or the axial twist of the knives tend to wear the walls of the knife guiding slots. These slots generally are formed in the chute or table, and inasmuch as this table or chute is of relatively thin material, there is not sufficient bearing surface to withstand the wear or to properly guide the knives to prevent the vibration or sway or the axial twist. It is, therefore, one of the many objects of this invention to overcome these obvious objections and to provide a simple and effective means which will function to the highest degree of efficiency for guiding the knives in a true line of movement, thus eliminating lateral vibration or sway and axial twist and the requirement of tensioning the knives to a condition near the breaking point.

"It is an object of this invention to provide improved means for properly guiding the slicing knives and preventing lateral play thereof during the slicing operation without exerting the strain upon the knives hereinbefore described."

The essential difference between plaintiff's device and that manufactured by defendant is that in the latter the stabilizing guide consists of two comblike members located above the chute which carries the bread, the guide being supported by arms which are carried by the supporting housing; while in the device constructed in accordance with claim 3 the guide is located below the chute and is supported by it.

While it is recognized that a mere transposition or rearrangement of parts or substitution of one location for another does not avoid infringement, it is the view of the court that this principle cannot serve to nullify the rule clearly stated in the case of Royer v. Coupe, 146 U. S. 524, 532, 13 S.Ct. 166, 36 L.Ed. 1073, as follows: "It is well settled, by numerous cases in this court, that under such circumstances a patentee cannot successfully contend that his patent shall be construed as if it still contained the claims which were so rejected and withdrawn. Roemer v. Peddie, 132 U.S. 313, 317, 10 S.Ct. 98, 33 L.Ed. 382, and cases there cited. The principle thus laid down is, that where a patentee, on the rejection of his application, inserts in his specification, in consequence, limitations and restrictions for the purpose of obtaining his patent, he cannot, after he has obtained it, claim

that it shall be construed as it would have been construed if such limitations and restrictions were not contained in it. See also, Phoenix Caster Co. v. Spiegel, 133 U.S. 360, 368, 10 S.Ct. 409, 33 L.Ed. 663; Yale Lock Co. v. Berkshire Bank, 135 U. S. 342, 379, 10 S.Ct. 884, 34 L.Ed. 168; Dobson v. Lees, 137 U.S. 258, 265, 11 S. Ct. 71, 34 L.Ed. 652."

· This principle is recognized in the recent case of Jensen-Salsbery Laboratories, Inc., v. O. M. Franklin Serum Co. (C.C. A.) 72 F.(2d) 15.

■ Examination of the file wrapper in the present case discloses that the application met serious difficulties in its course through the Patent Office. The field of providing guides beneath feed tables to further guide the knives through the slots in the table and the object to be cut was found to be well occupied and the claims as filed and later amended met persistent rejection. Among the claims rejected was one numbered 3 which read:

"A slicing machine including a chute, a plurality of reciprocatory knives, and a guiding structure associated with the chute and provided with slots through which the knives reciprocate, and said slots providing relatively wide bearing surfaces and being of a width slightly greater than the thickness of said knives."

Claim 3 here in suit (which was originally presented as claim 10) was submitted with the arguments that it had been written to avoid the issue of aggregation; that it set forth a new patentable combination; and that in such combination, in order to warrant rejection because anticipated, it would be necessary that all the elements of the combination or their equivalent be found in a single prior patent. Applicant urged that none of the prior patents disclosed a bread slicing machine comprising a feed chute and a stabilizer in operative relation to the knives and comprising a body secured to the chute and having a row of slots formed therein through which the knives are adapted to move. It was further stated that the feed chute functions to deliver the bread to the knives and serves to support the stabilizer which in turn is operatively related with the slicing knives to stabilize these knives during their operation through the slots of the chute.

The patentee, having thus acquiesced in the rejection of original claim 3 and having secured the allowance of the claim here in suit upon the narrow ground urged that no combination could be found in the prior art in which the stabilizer was secured to and supported by the chute, is now estopped from insisting upon an interpretation of the claim as broad as the rejected claim. It is within the province of a patentee to make his own claim and to restrict it. The applicant here had the right to continue to urge the granting of a claim as broad in its scope as was original claim 3, and to appeal from disallowance. This he elected not to do, but presented for allowance the much narrower claim here in suit.

The finding of the court must therefore be that infringement does not exist. This conclusion renders unnecessary consideration of the issue of validity of the claim.

The foregoing opinion is hereby adopted by the court as its findings of fact and conclusions of law and is hereby made a part of the record.

A decree will be entered accordingly.