**UNIVERSITY PATENTS, INC., Plaintiff,**

v.

**QUESTOR CORPORATION, Defendant.**

**Civ. A. No. 81–K–233.**

United States District Court,
D. Colorado.

July 9, 1981.

W. David Pantle, Sherman & Howard, Denver, Colo., Arthur M. Lieberman, Lieberman & Nowak, New York City, for plaintiff.

Edwin S. Kahn, Kelly, Haglund, Garnsey & Kahn, Denver, Colo., John A. Lahive, Jr., Kenway & Jenney, Boston, Mass., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff's complaint, filed originally in Massachusetts and moved here on a change of venue, alleges that defendant infringed two patents owned by the plaintiff in violation of 35 U.S.C. § 271. Jurisdiction is based on 28 U.S.C. § 1338(a). One of the patents, No. 3,237,319, a product patent, is not at issue in this motion. The other patent, No. 3,402,411, a process patent, is the subject of this motion. Defendant moved for partial summary judgment, seeking to have the portion of the complaint dealing with the process patent dismissed. Briefs and affidavits have been submitted and the motion is now ripe for determination.[1] I grant defendant's motion.

In U.S. Patent No. 3,402,411 the patentee claims a patent of the process of making boots having a pressure-compensating ankle support. The patented process consists of three steps: "providing a flexible ankle support shaped envelope, sealing a high viscosity material in said envelope and assembling said sealing envelope and boot." Defendant does not manufacture any boots in the United States, but does import ski boots from a wholly owned Italian subsidiary for distribution in the United States. The dispute here stems from defendant's importation of replacement ski-boot liners, which it distributes to retailers and customers, who then insert the liners into old ski boots' plastic shells.

 A process patent may only be infringed by processes carried out in the United States. *Clairol, Inc. v. Brentwood Industries, Inc.,* 193 USPQ 683, 687 (C.D. Cal. 1976) (citing *Deepsouth Packing Co. v. Laitram Corp.,* 406 U.S. 518, 92 S.Ct. 1700,

---

1. Although plaintiff asserts that summary judgment is improper because there are relevant facts in dispute, I find that defendant is entitled to partial summary judgment even if all disputed facts are construed most favorably for the plaintiff.

32 L.Ed.2d 273 (1972), and other cases). "It is settled that the sale of a product made from a process does not infringe a patent on that process." *Koratron Co. v. Lion Uniform, Inc.*, 449 F.2d 337, 338 (9th Cir. 1971) (citing *Merrill v. Yeomans*, 94 U.S. 568, 24 L.Ed. 235 (1877), and other cases). Defendant's manufacturing activities in Italy, followed by sales in the United States, are therefore not sufficient grounds for patent infringement.

█ Defendant also cannot be guilty of contributory infringement unless someone has directly infringed on the patent. *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. at 526, 92 S.Ct. at 1706. Defendant is therefore entitled to partial summary judgment unless either it or someone else directly infringed on the patent in the United States. Plaintiff only asserts that defendant has induced others to perform the third step of the patented process: "assembling said sealing envelope and boot;" it does not argue that anyone in the United States has engaged in the first two steps of its patented process: "providing a flexible ankle support shaped envelope" or "sealing a high viscosity material in said envelope." Plaintiff therefore fails to state a claim for infringement of the patent because "[a] patent for a method or process claim is not infringed unless all of the steps or stages of the process are used." *Englehard Industries, Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 351 (9th Cir. 1963), *cert. denied*, 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964) (citing *Royer v. Coupe*, 146 U.S. 524, 13 S.Ct. 166, 36 L.Ed. 1073 (1892) and other cases); *Roberts Dairy Co. v. United States*, 530 F.2d 1342, 1354 (Ct.Cl.1976).[2]

IT IS ORDERED that defendant's motion for partial summary judgment is granted. It is further

ORDERED that all claims relating to U.S. Patent No. 3,402,411 are dismissed from this civil action. Each party to bear its own costs.

---

2. Plaintiff characterizes the issue as whether the replacement of boot liners is a "repair" or a "replacement," citing *Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964). This characterization and citation are inapposite. *Aro* held that one who repaired a product, knowing that the product infringed on a patent, contributorily infringed on the patent. *Id.* at 485–88, 84 S.Ct. at 1531–32. *Aro* dealt with a product patent, not a process patent. It therefore does not help plaintiff overcome the burden of demonstrating that its process patent has been infringed by someone in the United States.