TULIP CUP CORPORATION et al. v. IDEAL CUP CORPORATION.

Circuit Court of Appeals, Second Circuit.
July 2, 1928.

No. 344.

Patents ⟨⟩328—1,310,698, for pleated paper cup having curled rim, held valid and infringed.

Hill patent, No. 1,310,698, for a pleated paper cup having a curled rim giving a stiffness to the cup so as to not require stiffening medium, *held* valid and infringed.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by the Tulip Cup Corporation and another against the Ideal Cup Corporation to recover for infringement of patent No. 1,310,698 for a pleated paper drinking cup. Decree for defendant, and plaintiffs appeal. Reversed.

Ward & Crosby, of New York City (S. Mortimer Ward, Jr., and Joshua Ward, both of New York City, of counsel), for appellants.

Briesen & Schrenk, of New York City (Hans v. Briesen and Fred A. Klein, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. This suit is for infringement of the Hill patent, No. 1,310,698, filed November 19, 1918, and granted July 22, 1919, on a pleated paper cup having a curled rim. The object of the invention is to form a cup of a circular disc of paper, which will have pleated sides and a roll edge, which gives stiffness, so that the cup will require no stiffening medium, as paraffin, and yet will be sufficiently stiff and firm for all practical purposes when in use. It is made of a single disc of paper, provided with a bottom and pleated sides of the conventional paper drinking cup. It is slightly corrugated near the top, and curled outwardly and downwardly, and then downwardly and inwardly, and then upwardly, against the interior, to form a curled lip. This lip is three-ply thickness throughout the greater portion of its length as the overlap of the pleats is almost enough to reach from one pleat to the next. As it is round in the cross-section, it is stiff enough to prevent the cup from collapsing when in use, even upon considerable pressure exerted against it. No paraffin or other wax is required. It may be used with hot liquids, and will not weaken or collapse.

The idea of the invention is confined to the precise embodiment shown, but is claimed to be broad enough to cover all inventions that come within the following claim:

"A substantially circular paper cup made from a single blank having a bottom, plaited side with overlapping portions and a curled rim substantially circular in the cross-section for stiffening the same."

There were three types of cups in the prior commercial art: (1) The smooth-shell two-piece cup, made of relatively stiff material as compared with the pleated cup; one of these smooth shell cups had a curled rim; (2) a one-piece pleated cup, in which an attempt was made to stiffen the pleated wall by using a flat folded rim, both wax coated and unwaxed; and (3) a one-piece pleated cup, in which the stiffness was given by cementing the pleats together and heavily coating the entire cup with paraffin, to hold the pleats in position and strengthen the cup. There were two-piece smooth-shell cups, which were objectionable, because the separate inserted bottom was apt to leak or fall out. They were expensive to manufacture; the higher cost being due to the relatively stiffer paper required for such a cup. It was not suitable for hot liquids, because the heat would melt the adhesive which held the inserted bottom.

The one-piece pleated cup, with the flat folded rim, failed to give the cup the necessary stiffness for commercial use, and, further to give the cup an awkward shape at the rim, so as to prevent it being reliably dispensed from containers in which the cups are nested. The third type of cup, known as the Lily cup, was stiff, due to a heavy wax coating, and had the disadvantage of a greasy feeling to the touch and to the lips, and an undesirable taste or odor, and it was more costly to manufacture. The cup made under the patent in suit avoids the objections of a wax-coated cup, and may be used with hot or cold liquids, and, being a one-piece, pleated, rolled-rim cup, it is manufactured cheaper than any of the other types.

The question here is whether it involved invention to conceive these marked advantages and construct a one-piece rolled-rim cup, having such advantages. The rolled rim co-operated in keeping the cup stiff. It adds transverse strength to the cup; also longitudinal strength, for the reason that the bead holds the pleats very closely together, and therefore results indirectly in stiffening the walls. The locking of the pleats together by the beaded edge is a function which is new. Competitors in the trade and men skilled in

this art considered it a new accomplishment and superior to other cups. It is an improvement over the flimsy unstable form. The rim containing this thickness of paper is stronger and more durable than the rim made of one thickness of the same paper.

Nor are the patents of the prior art a bar to the appellant. Kinnard, No. 751,300, is for a Kinnard machine. It does not suggest a pleated article of any kind, but merely discloses a machine capable of making a cup of his patent, and made for that purpose. Kinnard, No. 615,716, shows a paper pail made with two tubes of smooth relatively stiff paper, having between them a pleated interlining of flexible waterproof paper. Kinnard, No. 616,939, shows another pail or bucket, with an inner pleated-up liner and an outside smooth wall, rolled and cemented to form a tube; the upper edge of the smooth outward wall being folded down over the inner pleated member and glued down. No. 631,852 shows a two or three piece shell oyster pail, having smooth walls and inserted bottom and a tightly rolled rim. The Luellen, No. 1,-032,557, shows a two-piece smooth-shell flat flanged cup; and Luellen, No. 1,273,891, shows a two-piece smooth-shell cup with curved-over return edge, but not a rolled circular rim. The Rosenfeld, No. 991,246, shows a one-piece pleated drinking cup, with a flat folded rim glued to the wall of the cup, with a binding cord under the fold; and Tietzmann, No. 891,642, shows pleated mechanism for an automatic machine for making a pleated cup with a crushed flat folded rim.

The defense that the idea of this invention was suggested by the brief submitted by counsel in the case of Individual Drinking Cup Co. v. Public Service Cup Co. (C. C. A.) 250 F. 620, is without force. What was said there did not make obvious what this inventor accomplishes, and no such mental concept or pointing out of the parts of the patent in suit were disclosed. It would not enlighten one skilled in the art as to the invention of the patent in suit. General Electric Co. v. Continental Fibre Co. (C. C. A.) 256 F. 660.

The reception of this cup by the public and its extensive sales indicates a preferment over other cups. The appellee has selected it because of its durability and cheapness. It has become an infringer. To conceive the idea which has resulted in this cup required more than the effort of one skilled in the art. The inventor has solved a problem which the art was trying to solve. The art was unable to see and appreciate the fact that, when a rolled rim was placed on a sin-

gle piece cup blank, a cup having the desired stiffness would result, with the co-operative action of the dense, tough, rolled rim and the soft pleats of the wall, the latter enabling the formation of the former, and the former functioning on the latter. This amounted to invention. Hobbs v. Beach, 180 U. S. 383, 21 S. Ct. 409, 45 L. Ed. 586; Miehle Printing Press & Mfg. Co. v. Whitlock, etc., Co. (C. C. A.) 223 F. 647, 650. We hold the patent both valid and infringed.

Decree reversed, with costs.