130

LILY–TULIP CUP CORPORATION et al. v.
AMERICAN LACE PAPER CO.
No. 292.

Circuit Court of Appeals, Second Circuit.
March 4, 1935.

Drury W. Cooper, of New York City (S. L. Wheeler, of Milwaukee, Wis., of counsel), for appellant.

Ward, Crosby & Neal, of New York City (S. Mortimer Ward, Jr., and Joshua Ward, both of New York City, of counsel), for appellees.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This suit is for infringement of patent No. 1,310,698, granted July 22, 1919, on an application filed November 19, 1918, which we held valid and infringed in Tulip Cup Corp. v. Ideal Cup Corp. (C. C. A.) 27 F. (2d) 717. It is for a paper cup. The object of the invention is stated to be to form a cup out of a circular disk of paper or similar substance which will have plaited sides and a rolled edge which gives stiffness so that the cup will require no stiffening medium and yet will be sufficiently stiff and firm for all practical purposes when in use.

The one claim in suit reads:

"A substantially circular paper cup made from a single blank having a bottom, plaited sides with overlapping portions and a curled rim substantially circular in cross section for stiffening the same."

We considered the patentability, and therefore the prior art, in Tulip Cup Corp. v. Ideal Cup Corp., supra. Nothing is called to our attention now which requires a reconsideration thereof. The main defense relied upon is that the patent is not infringed by the appellant's product. We think this defense good. Its product is made in Milwaukee and sold in New York; jurisdiction being in, and the suit prosecuted in, the Southern district of New York.

The rims of the appellant's cups are not curled, but are flattened in folds; not circular in cross section, but compressed to a wedge shape. The functional reason why the appellant does not follow the patent in suit and adopts a flat folded wedge-shaped rim instead of the circular cross section is said to be that the triangular rim is "dainty in appearance, its graceful lines entirely eliminating any top-heavy or clumsy aspect." It is said that the triangular rim produces a finished effect as well as a stronger and more rigid cup; that it is easy to handle and difficult to unfold. Be that as it may, the fact is that the claim sued on calls for a curled rim, and, in view of the fact that the appellant does not have a curled rim circular in cross section and omits this element of the claim for functional reasons, the appellant's cup does not infringe, for it is not the equivalent of the curled rim referred to in the claim in suit. The art to which we made reference in our earlier decision, as well as the proceedings in the Patent Office, limit the patent to the form shown. The file wrapper in evidence shows

that a limitation to the circular cross section of the rim was inserted in the claim of the patent in suit to avoid cited prior art. The claims were rejected and the one claim allowed only when it was phrased in its present statement. The appellee may not now read out of the claim in suit the limitation to a curled rim substantially circular in cross section, which was incorporated in the claim in order to differentiate the appellee's invention from the prior art. Hubbell v. United States, 179 U. S. 77, 21 S. Ct. 24, 45 L. Ed. 95; Roemer v. Peddie, 132 U. S. 313, 10 S. Ct. 98, 33 L. Ed. 382.

■ The act of infringement is the sale of the product. U. S. Code, title 28, § 109 (28 USCA § 109). The bill of complaint so declares. Whatever may have been done in the manufacture resulting in the crushed, flattened, or folded rim, that is to say, if at any stage of the manufacture of the rim the rim may be said to be a curled rim, it would not amount to the infringement pleaded or as consummated within the Southern district of New York. If at any stage the appellant's rim should be regarded as circular in its cross section, it was not in its final form, as a finished product, when sold. The appellant does not infringe.

Decree reversed.