## ROEMER *v.* PEDDIE.

## ROEMER *v.* HEADLEY.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED. STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

## ROEMER *v.* KUPPER.

## ROEMER *v.* JENKINSON.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF NEW JERSEY.

Nos. 120, 121, 132, 133. Argued November 18, 19, 1889. — Decided December 9, 1889.

The claim of letters patent No. 195,233, granted to William Roemer, September 18, 1877, for an improvement in a combined lock and handle for travelling-bags, namely, " The lock-case made with the notched sides *a a*, near its ends to receive and hold the handle-rings B, substantially as herein shown and described," having been inserted by amendment, after his application for a broader claim was rejected, and after he had amended his specification by stating that he dispensed with an extended bottom plate, cannot be so construed as to cover a construction which has an extended bottom plate.

When a patentee, on the rejection of his application, inserts in his specification, in consequence, limitations and restrictions for the purpose of obtaining his patent, he cannot, after he has obtained it, claim that it shall be construed as it would have been construed if such limitations and restrictions were not contained in it.

IN EQUITY for the infringement of letters patent. The case is stated in the opinion.

*Mr. Arthur v. Briesen* for appellant.

*Mr. Frederic H. Betts,* (with whom was *Mr. J. E. Hindon Hyde* on the brief,) for appellees.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

These are two suits in equity, brought by William Roemer in the Circuit Court of the United States for the Southern District of New York, one against Thomas B. Peddie and

George B. Jenkinson, and the other against Albert O. Headley; and two suits in equity brought by the same plaintiff in the Circuit Court of the United States for the District of New Jersey, one against Charles Kupper, and the other against Richard C. Jenkinson. All four of the suits are brought for the infringement of letters patent No. 195,233, granted to the plaintiff September 18, 1877, for an improvement in a combined lock and handle for travelling-bags.

The specification says: "Be it known that I, William Roemer, of Newark, in the county of Essex and State of New Jersey, have invented a combined lock and handle holder for travelling-bags, etc., of which the following is a specification: Figure 1 is a top view of my improved combined lock and handle holder. Fig. 2 is a vertical longitudinal section of the same; Fig. 3 is a cross-section on the line c c, Fig. 2. Similar letters of reference indicate corresponding parts in all the figures. This invention relates to a new construction of lock-case for travelling-bags, satchels, and the like, whereby the same is made to retain the rings which connect with the handle, [to dispense with an extended bottom plate,] and yet to leave said rings movable in their bearings. The invention consists in forming notches in the sides, near the ends of the lock-case, which notches engage over the lower parts of the handle-rings, all as hereinafter more fully described. In the accompanying drawing, the letter A represents the lock-case, the same being of suitable construction, shape and size, and adapted to be fastened to the frame of the satchel or bag by rivets or other suitable means. The ends of the lock-case are, by notches a, which are cut into or formed in its sides, made hook-shaped, as clearly shown in Fig. 2, and these hooks b, thus produced, serve to retain the handle-rings B B in place. These handle-rings are, as indicated in Fig. 3, preferably flattened at their lower parts, and are, with these flattened portions, placed under the hooks b of the lock-case, and thereby secured to the satchel-frame, to which the lock-case is riveted, as already described. In these hooks, however, the rings are free to vibrate, and free, therefore, to move with the handles, and the rings constitute, in consequence, a flexible connection

between the handle and the bag or satchel. [By making the notches in the sides, the top of the lock-case remains smooth and offers no obstruction to the free movement of handle and rings.]" The claim of the patent is as follows : "The lock-case made with the notched sides *a a* near its ends to receive and hold the handle-rings B, substantially as herein shown and described."

In the application for the patent as filed, the parts above put in brackets were not contained in the specification, and the proposed claim was as follows : "The combination of the lock-case, A, having the hooks, *b*, at its ends, with the rings, B B, which are held in place by said hooks, substantially as herein shown and described." The application as thus made was rejected, by a reference to patent No. 177,020, granted May 2, 1876, to William Simon, for improvements in a travelling-bag. The proposed claim was then stricken out, and the following claim was substituted : "The lock-case, A, having the notches, *a a*, at its under side, and combined with the rings, B B, which are held in said notches, substantially as and for the purpose specified." The application was again rejected, by a reference to the patent to Simon, the Patent Office saying : "The difference between the two devices appears to be, that in applicant's device the notches are cut in the vertical sides of the lock-case, and in the reference they are struck up from the bottom plate." The application was then amended by inserting in the specification the words above put in brackets, and by altering the claim so as to read as it does in the patent as issued.

After an answer and a replication in the suit against Peddie and Jenkinson, proofs were taken on both sides and the court, held by Judge Wheeler, made a decree dismissing the bill, with costs. In the opinion of the court (27 Fed. Rep. 702) it was said : "The improvement patented consists essentially in extending the sides of the lock-case to hold the handle-rings of travelling-bags. The bottom plate of the lock had before been extended for that purpose. By the improvement the bottom plate could be dispensed with, and the side walls of the lock-case made both to enclose the lock and hold the handle-rings.

The defendants use the same thing to hold the handle-rings, but place the lock above it, and do not use it for the side walls of the lock-case.   It becomes, by the use which they make of it, an extended bottom plate to the lock, of an improved form. If this piece was patented and the patent is valid to cover it, the defendants do infringe.   The file-wrapper and contents are made a part of the case.   From them it appears that the orator, in his application for this patent, at first applied for a patent covering the combination of the lock-case with the handle-rings. His claim was rejected on a reference to patent No. 177,020, granted to William Simon, which covered an extended bottom plate to the lock, to hold the handles.   The claim was amended, and again rejected on the same reference, and was not granted until the specification was amended to dispense with an extended bottom plate to the lock, and the claim was confined to a lock-case with notched sides near its ends, to receive and hold the handle-rings.   This piece, which the defendants use, was the same before as after these amendments.   The Patent Office would not grant a patent for it generally in combination with the handle-rings, but only specifically when used for the sides of the lock-case and for the handle-rings.   The orator accepted the patent narrowed in that manner, and cannot now be heard to claim that it is any more broad than that in its scope.   He invented this particular form of lock-case; and his patent is for that only, and it cannot be construed to cover anything else.   *Railway Co.* v. *Sayles*, 97 U. S. 554.   The defendants do not use his lock-case, but use an extended bottom plate like his lock-case.   It has been argued ingeniously and with plausibility that the same thing is used under a merely different name, but this argument is not in reality well founded. The patent was for a lock-case not only in name but in substance.   The defendants do not use this lock-case.   They evade the patent not by a mere colorable, but by a substantial evasion."

As the patentee, after the rejection of his application, inserted in his specification a statement that his invention related to a new construction of lock-case, whereby it was made "to dispense with an extended bottom plate," he cannot now

contend that his specification and claims are to be interpreted so as to cover a construction which has an extended bottom plate. By his patent, as issued, he dispenses with the extended bottom plate, and confines his claim to a lock-case with sides notched near its ends to receive and hold the handle-rings — an arrangement not found in the defendants' structure. In that, the lock and the handle-fastenings are combined with the extended bottom plate, as in the Simon patent of May 2, 1876. The lock-case of the defendants does not have notches in its sides, but the notches are in the sides of an extended struck-up bottom plate, such extended bottom plate being expressly excluded from the construction by the specification of the plaintiff's patent.

This court has often held that when a patentee, on the rejection of his application, inserts in his specification, in consequence, limitations and restrictions for the purpose of obtaining his patent, he cannot, after he has obtained it, claim that it shall be construed as it would have been construed if such limitations and restrictions were not contained in it. *Leggett* v. *Avery,* 101 U. S. 256; *Goodyear Dental Vulcanite Co.* v. *Davis,* 102 U. S. 222, 228; *Fay* v. *Cordesman,* 109 U. S. 408; *Mahn* v. *Harwood,* 112 U. S. 354, 359; *Cartridge Co.* v. *Cartridge Co.,* 112 U. S. 624, 644; *Sargent* v. *Hall Safe & Lock Co.,* 114 U. S. 63; *Shepard* v. *Carrigan,* 116 U. S. 593, 597; *White* v. *Dunbar,* 119 U. S. 47; *Sutter* v. *Robinson,* 119 U. S. 530; *Bragg* v. *Fitch,* 121 U. S. 478; *Snow* v. *Lake Shore Railway Co.,* 121 U. S. 617; *Crawford* v. *Heysinger,* 123 U. S. 589, 606, 607.

It is contended by the defendants, that, in view of the prior state of the art, the patent is invalid. We do not consider it necessary to examine that question, because, for the reasons before assigned, we are of opinion that the decree must be affirmed; and as, in each of the other three cases, there is a stipulation that the suit may be argued here, on appeal, on the record in the Peddie suit, and abide the result of that suit, and as the decree in each of those other three cases was a decree dismissing the bill with costs, each of such decrees is

*Affirmed.*