### COLL et al. v. SENECA.

(Circuit Court, D. Maryland. May 6, 1893.)

1. PATENTS FOR INVENTIONS—LIMITATION OF CLAIM—TIN CANS.
    Letters patent No. 207,058, issued August 13, 1878, to Miller & Coll, for an improvement in sheet-metal cans, is, by reason of the rejection and abandonment of a broader claim, strictly limited to the form therein described, namely, a can having the body portion straight from end to end, combined with heads which have a flange consisting of two parts, one binding closely the straight side of the can, and the other offsetting therefrom so as to be of greater diameter, thus forming a U-shaped groove to receive the solder.

2. SAME—INFRINGEMENT.
    The above patent is not infringed by the use of cans having the flange of the heads slightly flared, so as to form a V-shaped groove for the solder.

In Equity. Bill by Bernard Coll and Philip C. Sanderson against Stephen J. Seneca for infringement of letters patent No. 207,058, granted August 13, 1878, to Miller & Coll, for an "improvement in sheet-metal cans." Bill dismissed.

J. W. & H. Bryant, for complainants.

William M. Marine and John T. Mason, for respondents.

MORRIS, District Judge. The subject-matter of this invention is the form of the flange of the heads and bottoms of the cylindrical shaped tin cans, used for packing oysters and vegetables. The claim of the patent is as follows:

"As a new article of manufacture, a sheet-metal can constructed of a body portion straight from end to end, combined with heads flanged as described, i. e. with the portion, a, of the flange, of less diameter than the marginal portion, and binding closely against the straight side of the can, and the portion, 'a,' of greater diameter than a, and setting off from the body of the can in parallel position therewith, as shown and described."

It appears that ordinarily the heads and bottoms of such cans are made with the flanges fitting as closely as possible, and parallel to the body of the can. From the application, and from the file wrapper and contents, it appears that the original claim was for

"A sheet-metal can having a head, B, flanged at a, a, with the portion, a, binding closely against the body of the can, and the portion, a, offsetting therefrom, and filled with solder, substantially as described."

This claim was rejected by the patent examiner, who cited as anticipations several patents showing an offset in the flange, and forming an annular V-shaped space or trough between the flange and the can, which could receive the solder. Acquiescing in this rejection, the applicants, through their attorney, amended the specifications, and inserted the following, which now appears in the specifications of the granted patent:

"We are aware of the fact that cans have been heretofore constructed with joints having a degree of similarity to ours; reference being had by way of example to that shown in patent No. 183,507, in which the edge of the body portion and the heads are beaded, while the edge of the head is flared outwardly to an angle to form a V groove for solder. We therefore limit our invention to the can constructed as shown and described, which is distinctive in the following features: The body portion is straight from end to end. The portion of the flange near the ends of the body portion is of less diameter than the edge or marginal portion, and binds tightly with the straight body portion, and the portion of the flange having the greatest diameter is arranged parallel with the sides of the can in forming the trough to receive the solder. This construction and arrangement of parts of the can permits it to be easily and cheaply made; the heads being struck up in dies, and the peculiar form of flange securing, in connection with the solder, a strong joint, and good finish."

The original claim was canceled, and the claim of the granted patent hereinbefore quoted was substituted.

It thus clearly appears that the patentees disclaimed as old the form of flange which, by its offset from the can body, formed a V-shaped trough to receive the solder, and distinctly restricted their claim to the form which, at the bottom, fitted closely around and

parallel to the can, and then had an offset, and then was formed parallel to the can, resulting in an annular U-shaped trough for the solder, and not a V shape. The V-shaped was expressly disclaimed. The contention now made in behalf of the complainants, that the real invention was an annular trough of any shape, cannot be entertained. The patentee, not having appealed from the rejection of his original claim, is now irrevocably restricted to the limitations put upon his invention by the disclaimer in his amended specifications, and the withdrawal of his broad claim, and his acceptance of the narrow claim, as granted to him. Leggett v. Avery, 101 U. S. 256; Shepard v. Carrigan, 116 U. S. 593, 6 Sup. Ct. Rep. 493; Roemer v. Peddie, 132 U. S. 313, 10 Sup. Ct. Rep. 98; Caster Co. v. Spiegel, 133 U. S. 360, 10 Sup. Ct. Rep. 409; Dobson v. Lees, 137 U. S. 258, 11 Sup. Ct. Rep. 71.

The proof shows that the can manufactured by the defendant has no such annular U-shaped trough as is described in the patent. The flanges of the tops and bottoms of defendant's cans are very nearly closely fitting, and parallel, without any offset at all, except that upon close examination, in some there is found, almost at the very edge of the flange, a slight flare away from the can. This almost imperceptible flare, the witnesses for the defendant testify, is not intentional, and is not desirable, and arises solely from the fact that in stamping out the circular ends, and turning up the flange by a drawing die, there results, in consequence of the crimping of the metal, this slight flare. This, if it is anything worth considering, forms a V-shaped annular trough, such as was disclaimed by the patentees. I think it is quite clear that there is no infringement. The bill must be dismissed.