HARDSOCG et al. v. HIBBARD, SPENCER, BARTLETT & CO.

(Circuit Court, N. D. Illinois, E. D. April 22, 1908.)

No. 28,419.

PATENTS—INFRINGEMENT—SQUARE.

The Nicholls patent, No. 672.455, for a square having columns of figures thereon to facilitate the cutting of rafters, in view of the prior art and the proceedings in the Patent Office, is limited to the peculiar arrangement of figures shown. As so construed, *held* not infringed.

In Equity. On final hearing

Munday, Evarts, Adcock & Clarke, for complainants.

George A. Mosher, for defendant.

KOHLSAAT, Circuit Judge. Suit is brought to restrain infringement of patent No. 672,455, for square, granted April 23, 1901, to Moses Nicholls, and afterwards assigned to complainants. The patent relates to the ordinary steel carpenter's square, having impressed upon its surface the usual measuring scale, consisting of figures and lines designating the inches and their fractional parts. In addition to this usual scale, certain words and tabulated figures are stamped upon the body of the square, designed to give to carpenters engaged in roof framing information to enable them to rapidly and easily compute the length of various rafters used in roofing constructions, and to quickly and accurately place the square to mark for cutting the various angles at which the ends of such rafters should be joined. These figures are placed in columns under the inch-mark figures, to which they bear a fixed relation; there being a column of seven sets of figures under each number designating the inches from 2 to 18, inclusive, on the body of the square. The inch-marks are extended, and pass between certain of the figures of each of the columns. Eight longitudinal lines, running from the tip of the body of the square to the point where the body joins the tongue or arm of the square, pass between the different sets of figures of the columns. These lines serve as guide lines for reference to the tables, and the spaces formed between them thus contain (at the intersection of each of the inch-marks from 2 to 18, inclusive, as before stated) all the figures of the tables. The signification of the horizontal rows of figures thus formed by the guide lines is expressed in words at the end of the square, between the last column at the 18-inch mark and the tip of the square (at 24 inches), the rows being labeled, respectively, as follows:

> Length of common rafter per foot run.
> "    of hip or valley rafter per foot run.
> Difference in length of jacks 18 inches centers.
> "      "      "      "      " 2 feet      "
> Figures giving side cut of jacks.
> "      "      "      "      " hip or valley rafters.
> "      "      cut of sheathing in valley or hip.

The claims of the patent in suit are as follows:

"1. A square having numbered inch-marks upon each of its members, and one surface of one of its members being provided with longitudinally-arranged rows of figures, the figures on one side of each inch-mark in part of the rows referring to an inch-mark on one member of the square and the adjoining figures upon the other side of said mark in the same row referring to an inch-mark on the other member, substantially as described.

"2. A square having numbered inch-marks upon each of its members, and one surface of one of its members being provided with longitudinally-arranged rows of figures, the figures in the different rows having a fixed relation to the inch-mark numbers under which they are placed, the figures in a portion of the rows being arranged in independent sets under each inch-number, there being a set upon each side of the inch-mark in each of said last-mentioned rows, the figures of one set under each inch-number referring to an inch-mark on one member of the square, and the figures of the other set referring to an inch-mark on the other member, substantially as described."

The tables contained in the fifth and sixth rows (which relate to the side cut of jacks and the side cut of hip and valley rafters) are the only portions of the claims which complainants now contend are in-

fringed, and it is admitted by complainants' counsel that defendant's square would not infringe the patent in suit if such fifth and sixth horizontal rows were omitted. These rows contain, in each column, two numbers, one on each side of the extended inch-mark. For instance, in the fifth row, under the figure 8 (designating the 8-inch mark), the number 10 is found on one side of the inch-mark, and on the other side of the inch-mark the number 12 These figures are intended to indicate that, to make a side cut or bevel of a jack rafter in a roof having a rise of 8 inches to the foot run, the square should be placed so that the 10-inch mark of its body and the 12-inch mark of its tongue would touch the same edge of the timber to be cut; the cutting line being drawn along the tongue of the square.

Defendant's square, which is substantially the device of patent No. 841,666, granted to L. W. Cole, January 2, 1907, has no extended inch-marks and but one set of figures in its fifth and sixth rows. These single sets of figures are intended to give the same information as the double sets of complainants' square; i. e., the proper placing of the square to make the side cut of jacks and the side cut of hip and valley rafters. A printed circular accompanies defendant's square, informing the workman that only one number—the number 12—is to be used as the companion of any of the numbers of the single sets in the fifth and sixth rows. In other words, the single set of figures in these two rows are calculated in every instance in respect to the complementary number 12, and the workman is informed of this fact by circular, instead of stamping the number 12 in every instance as a companion to the single number on the square. The figures of these two rows are, of course, different from those of complainants'; but the ratio of the number 12 and the figures stamped on the square under any particular inch-mark is the same as that of the two numbers stamped on complainants' square under the same inch-mark.

Defendant denies infringement, insisting that the one set of figures in each of these two rows is not the equivalent of complainants' two sets, especially in view of the acquiescence of Nicholls in the rejection of claims broad enough, it insists, to have covered defendant's arrangement, presented during the pendency of his application in the Patent Office, and the limited nature of the claims as finally allowed. Defendant also denies the validity of the patent.

The idea of stamping figures on a steel square for the purpose of enabling the workman to calculate angles is not new. Such idea is disclosed in several prior patents, among which may be mentioned the Howard patent, No. 247,353, granted September 20, 1881, and the Paterson patent, No. 476,683, granted June 7, 1892. The claim of novelty of complainants' square is, therefore, very limited. It can only go to the peculiar arrangement of the figures. An examination of the file wrapper and contents shows that in the first instance the applicant claimed broadly "a square having a table of figures thereon indicating side cuts of jack rafters" and "a square having arranged thereon a table of figures indicating the lengths and side cuts of octagon and hip rafters. * * *" These claims were rejected by the examiner. Applicant acquiesced in the rejection, canceled the claims, and presented a claim for "a square having columns of figures arranged thereon be-

neath the inch gradations of the square, * * * and indicating the cut of rafters for roofs of the rises per foot indicated by the inch gradations." This was also rejected, and the claims again canceled. Three more times claims were submitted in the endeavor to cover broadly the basic idea of placing on a square tables having a relation to the inch-mark gradations by which the angle connections of rafters could be cut. One of these rejected claims reads as follows:

"2. A square having its surface provided with longitudinal rows of figures arranged under its inch-marks upon one edge, the numbers of the different rows having a fixed relation to the inch-mark under which they are placed, and the numbers in a portion of the rows referring to the inch-marks upon the two members of the square, respectively, substantially as described."

This would have more nearly covered defendant's square. Applicant's acquiescence in its rejection by the examiner, and the final allowance of claims limited to rows of figures on each side of extended inch-marks "in part of the rows referring to an inch-mark on one member of the square and the adjoining figures upon the other side of said mark in the same row referring to an inch-mark on the other member," and "the rows being arranged in independent sets under each inch-number, there being a set upon each side of the inch-mark in each of said last-mentioned rows, the figures of one set under each inch-number referring to an inch-mark on one member of the square and the figures of the other set referring to an inch-mark on the other member," would seem to bring complainant within the rule that:

"When a patentee, on the rejection of his application, inserts in his specification, in consequence, limitations and restrictions for the purpose of obtaining his patent, he cannot, after he has obtained it, claim that it shall be construed as it would have been construed if such limitations and restrictions were not contained in it." Roemer v. Peddie, 132 U. S. 313, 317, 10 Sup. Ct. 98, 99, 33 L. Ed. 382; Morgan Envelope Co. v. Albany, etc., Co., 152 U. S. 425, 14 Sup. Ct. 627, 38 L. Ed. 500; Consolidated Store-Service Co. v. Seybold, 105 Fed. 978, 45 C. C. A. 152.

The art is a very narrow one, as will be seen from the action of the examiner and an examination of the prior art. There is quite as marked a difference between the patent in suit and defendant's square as there is between the patent in suit and the prior art cited by the examiner and the said Paterson patent. The markings in any case are but mathematical calculations reduced to figures. It is only in the arrangement that invention can be asserted. Whether such claim be well founded or not need not be here determined. Certainly whatever of novelty the patent in suit possesses must be found, as above stated, in its peculiar arrangement of the results of calculations adapted to the purposes expressed. True, the patentee claims the benefit of all marks upon the square having the same ratio to each other; but defendant's square differs in other respects, as, for example, the star and caret characters used, and is not the physical equivalent of complainants'.

The prayer of the bill is therefore denied, and the bill is dismissed for want of equity.