## MAULSBY v. MINNEAPOLIS CASKET CO., Inc.

### No. 10537.

Circuit Court of Appeals, Eighth Circuit.
June 6, 1936.
Rehearing Denied June 29, 1936.

John E. Stryker, of St. Paul, Minn. (H. S. Johnson, of St. Paul, Minn., on the brief), for appellant.

Ralph F. Merchant, of Minneapolis, Minn. (Merchant & Kilgore and Safford, Putnam, Campbell & Levitt, all of Minneapolis, Minn., on the brief), for appellee.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

GARDNER, Circuit Judge.

This is a suit for infringement of two patents, one, No. 1,724,493, dated August 13, 1929, and a reissue patent No. 18,705, dated January 3, 1933, both of which relate to improvements in fabric-forming machines for use in making decorative designs in casket trimmings. Claim 6 only of the original patent, No. 1,724,493, is charged to have been infringed by defendant's device. This claim reads as follows:

"6. In a machine of the character described, a shirring bar comprising parallel, spaced apart rods and pattern blocks mounted adjustably on said bars for movement longitudinally thereof, said blocks each comprising a base portion with inturned edge flanges forming channels wherein the said rods are slidably contained and having an upwardly directed portion overlying the base and a horizontally extending portion with pins projecting upwardly therefrom."

The claims of the reissue patent No. 18,705 considered by the trial court and now presented here on this appeal, are as follows:

"1. In a fabric forming machine of the character described, a frame, a bed of fabric shaping elements mounted in the frame and movable from and toward each other, both lengthwise and transversely of the frame and spaced from each other, and over which a fabric piece may be spread, means associated therewith for drawing the said fabric piece about all sides of said shaping elements except their mounting surfaces, incident to their being moved together, thereby to cause the fabric to conform to the shape of the elements.

"2. In a machine of the character described, a plurality of fabric shaping blocks in characteristic shapes or designs, mounted for movement from and toward each other, and over which a fabric piece may be applied, means on the blocks for holding the fabric piece in place against slippage relative thereto and means for drawing the fabric piece downward and against all sides of the blocks except their mounting surfaces so as to shape it in accordance with the definite shapes of the blocks.

"3. A fabric forming machine, comprising a frame, a plurality of bars supported in parallel relation in the frame for adjustment toward each other, a plurality of fabric shaping elements slidable on each of the said bars and adjustable toward each other, and over which a fabric piece may be applied; said elements each being of a definite design, and means for drawing the fabric piece about the elements to embody therein definite shapes corresponding to the shapes of the elements."

"6. In a machine of the character described, a plurality of shaping elements arranged on a base in spaced relation, and over which a fabric piece may be spread, means whereby the elements may be moved toward each other and means whereby the fabric may be drawn down over the elements and gathered about all sides except their mounting surfaces coincident with the movement toward each other.

"7. In a machine of the character described, a base, a plurality of fabric shaping elements arranged thereon in spaced relation and across which a fabric piece may be spread and means arranged to act against the fabric piece whereby it will be folded down about each of the said elements and gathered about all sides thereof except their mounting surfaces to create designs corresponding to the shape of the elements and providing a fullness of material between the elements from which

material for the adjacent designs is drawn without stretching or causing damage to the fabric."

The lower court found that claim 6 of patent No. 1,724,493 was not infringed; that the claims of the reissue patent No. 18,705, were anticipated by the prior art as exemplified by the Mrock patent, No. 1,042,715, and hence were invalid for want of invention; that plaintiff, in the prosecution of its original application for patent No. 1,733,353, canceled a group of claims after rejection by the Patent Office, which are identical in scope with the claim of reissue patent No. 18,705, and thereby abandoned the subject-matter of the claims of the reissue patent; that defendant extensively used its alleged infringing device between the date of issue of the original patent, No. 1,733,353, and the date of application for reissue of reissue patent No. 18,146, which was later reissued into No. 18,705, involved in this suit; and that defendant thereby acquired an irrevocable license to use machines of the character of plaintiff's, by reason of an intervening right. The court entered decree for defendant in accordance with its findings and conclusions, and, from the decree so entered, plaintiff prosecutes this appeal, in which he directly challenges the correctness of the court's findings and conclusions.

It is not claimed that plaintiff's device was a pioneer invention, but the patents disclose on their face that the invention relates to "improvements in forming machines, and in particular to machines for forming fabric into decorative designs." We shall first consider the contention that claim 6 of patent No. 1,724,493 was infringed. This claim is separable into six elements: (1) "A shirring bar comprising parallel spaced apart rods;" (2) "pattern blocks mounted adjustably on said bars for movement longitudinally thereof;" (3) "said blocks each comprising a base portion with inturned edge flanges forming channels wherein the said rods are slidably contained;" (4) "and having an upwardly directed portion overlying the base;" (5) "a horizontally extending portion;" (6) "with pins projecting upwardly therefrom."

Mr. Zene R. Maulsby, one of the patentees, upon examining defendant's structure produced at the trial in the lower court, testified as follows:

"Q. Said blocks each comprising a base portion with inturned edges forming channels wherein the said rods are slidably con-

tained. Is that true? A. I do not see any inturned edges on the block.

"Q. As a matter of fact, it is not there, is it? A. No, sir."

What we have designated as the third element of this claim 6 is not present in defendant's structure. Infringement of a combination patent is not shown unless it appears that the alleged infringing device uses the entire combination, and hence defendant's structure does not infringe unless defendant has used the mechanical equivalent of plaintiff's structure. An examination of the drawings discloses that the mountings used by defendant are substantially the same as those disclosed by the Mrock patent, while those used in the plaintiff's structure embody a base with inturned edge flanges forming channels wherein the rods are slidably contained. The Mrock patent was cited by the Patent Office against this Maulsby patent, and the present claim was drawn to distinguish from the Mrock structure. This narrowed the claim so that it might be allowed, and plaintiff cannot now broaden it to make it read upon a structure identical with Mrock. Smith v. Magic City Kennel Club, 282 U. S. 784, 51 S.Ct. 291, 294, 75 L.Ed. 707.

In Smith v. Magic City Kennel Club, supra, in an opinion by Chief Justice Hughes, it is said:

"Where a patentee has narrowed his claim, in order to escape rejection, he may not 'by resort to the doctrine of equivalents, give to the claim the larger scope which it might have had without the amendments, which amount to disclaimer.'"

We think it very clear that defendant's structure does not infringe this claim.

We turn now to a consideration of claims 1, 2, 3, 5, 6, and 7 of reissue patent No. 18,705. The original patent, No. 1,733,353, issued October 29, 1929, had but one claim, now appearing as claim 4 of the patent in suit, and which is not alleged to have been infringed. The original patent reissued into reissue 18,146, October 4, 1931, and this reissue patent was in turn reissued into reissue patent No. 18,705, January 3, 1933, having, as above set forth, seven claims, all of which, except claim 4, are here in issue.

The court held that this reissue patent defined nothing more than a device differing in size, shape, or degree from that shown on the prior art as exemplified by

Mrock, No. 1,042,715, of October 29, 1912, and Weise, No. 1,424,789, of August 8, 1922, and others, and that these changes did not constitute invention. When Mr. Maulsby was on the stand, he was interrogated by the court with reference to his reissue patent as follows:

"Q. You claim that those forms on the top is your addition to the art? A. Yes, sir."

Every other element of the combination, except the shape of the part projecting above the base, was admittedly old in the art. Mr. Maulsby further testified:

"Q. Now, as a matter of fact, if you put a triangular projection on the Mrock gathering elements, and put it down by hand, forming it about the elements and thereafter set it with steam, wouldn't you get a clover leaf design? (The clover leaf design being a result of the triangular shaping element.) A. You would have almost the same machine as ours if you used the pins in it and used the rod and made it exactly like ours, of course."

He further testified as follows:

"Q. If you put a triangular block in, with the pins, you would have virtually the same thing? A. Yes, sir.

"Q. And your patent consists in putting in the triangular block on top of, what do you call this, the base? A. Yes, sir, that is the base; that is exactly right. * * *

"Q. You do not claim, Mr. Maulsby, a triangular shape for a clover leaf design; you claim any design including a triangular forming element. A. We can make other shapes.

"Q. As a matter of fact, you show in your drawings in Figure 6 a round forming element? A. There are other shapes there, too.

"Q. Oh, yes, sure there are, but your claims are broad enough to cover all these, are they not? A. I hope so."

Accepting plaintiff's own construction of these claims, his structure embodies a cylindrical forming element, the device of the Mrock prior art patent; the only distinction being that of size. It is well settled that it is not invention to change the size or degree of a structure, and the structure of the Mrock patent finds an equivalent in plaintiff's structure. We think the court properly held the Maulsby patent so lacking in invention and novelty as to be invalid. But, however that may be, we think the record clearly shows that these claims

of the reissue patent are substantially the same as the claims which were canceled by the Patent Office in the prosecution of the original application, which matured into patent 1,733,353.

The trial court found that the claims canceled from the original application were coextensive in scope with the claims here sued upon. A careful examination of these claims convinces that the court correctly found them to be coextensive in scope with the claims in reissue patent No. 18,705. The record shows that the Patent Examiner rejected claims 1 to 3, inclusive, and 5 to 6, inclusive, because of conflict with the Mrock patent. In response to this action, the applicant voluntarily canceled these claims, and it is insisted by defendant that these canceled and rejected claims cannot be recaptured by reissue. In Penn Electric Switch Co. v. Luthe Hardware Co., 63 F.(2d) 842, 845, in an opinion by Judge Sanborn, we said:

"It is settled law that the power to reissue may be exercised when the patent is inoperative by reason of a defective or insufficient specification, or because the original claims were narrower than the actual invention, provided the error has arisen from inadvertence, accident, or mistake, and the patentee is guilty of no fraud or deception, and provided that the reissue shall be for the same invention as the original patent, as such invention appears from the specifications and claims of the original, *and shall not cover or embrace what has been previously rejected upon the original application.*" (Italics supplied.)

In Smith v. Magic City Kennel Club, supra, it is said:

"Where an applicant for a patent to cover a new combination is compelled by the rejection of his application by the Patent Office to narrow his claim by the introduction of a new element, he cannot after the issue of the patent broaden his claim by dropping the element which he was compelled to include in order to secure his patent. * * * 'If dissatisfied with the rejection, he should pursue his remedy by appeal; and where, in order to get his patent, he accepts one with a narrower claim, he is bound by it. * * * The patentee is thereafter estopped to claim the benefit of his rejected claim or such a construction of his amended claim as would be equivalent thereto.'"

In the late case of Altoona Public Theatres v. American Tri-Ergon Corpora-

tion, 294 U.S. 477, 55 S.Ct. 455, 461, 79 L.Ed. 1005, it is said:

"It has long been settled that a claim abandoned or rejected in the Patent Office with the acquiescence of the applicant cannot be revived in a reissued patent."

Without entering into a detailed description of the claims rejected on the original application and those here sued upon, it is sufficient to say that we are satisfied with the findings of the court that they are identical in scope. When the Mrock patent was cited in the patent proceedings, the Examiner rejected all plaintiff's broad claims as being anticipated by Mrock. This rejection was acquiesced in by a voluntary cancellation of the claims in question. Plaintiff is therefore estopped from attempting to recapture these claims in a reissue patent. The claims, having been abandoned, are forever lost to plaintiff.

As we are convinced that the lower court correctly held the reissue patent void as to the claims sued upon, it is unnecessary to consider the other issues presented.

The decree appealed from is therefore affirmed.