## RILEY v. BROADWAY–HALE STORES, Inc. et al.

### Civ. No. 12177.

United States District Court,
S. D. California, Central Division.

Sept. 16, 1953.

C. G. Stratton, Los Angeles, Cal., for plaintiff.

Macfarlane, Schaefer & Haun, Henry Schaefer, Jr., E. J. Caldecott, Harris, Kiech, Foster & Harris, Ford Harris, Jr., Warren L. Kern, Los Angeles, Cal., for defendant Broadway-Hale Stores, Inc.

HALL, District Judge.

On pre-trial in this patent case the defendant raised several questions of law. It was agreed between counsel for the plaintiff and defendant that if these questions of law or certain of them were decided in favor of the defendant's contentions, that that would be the end of the lawsuit. The parties stated and briefed the questions of law. Upon studying the briefs it became apparent that counsel for the parties did not take the same view which the Court had of the agreement concerning the disposition of the questions of law. Accordingly, I addressed a communication to both counsel, asking them to reduce their stipulation to writing and file it. In response to that request, the following stipulation was made and filed:

"It is hereby stipulated, by and between the parties hereto, through their respective counsel, that the following issues briefed on pre-trial hearings involve questions of law for determination by the Court from the pleadings, file wrappers and other papers of record:

"Pre-trial
"Issue No.

"1(f) Whether or not the reissue patent in suit No. 23,167 and each of the claims thereof are invalid due to the absence of accident, inadvertence, or mistake warranting the grant of such reissue patent.

"(5) Whether the Patent Act of 1952, and particularly Sections 251 and 252 thereof, applying to reissues, is applicable to the present proceeding.

"(6) Whether or not the added claims, 13 to 20, inclusive, of the reissue patent in suit, or any of them, which were not present in the original patent, cover an invention not disclosed in the original patent (a shoulder pad without the limitation of ribs

or voids therein), thereby invalidating the reissue.

"(7) Whether defendant Broadway-Hale Stores, Inc. has the legal right to continue to sell the Gerry Nufoam shoulder pads alleged to infringe claims 13 to 20, inclusive, of the reissue patent in suit by virtue of the fact that said defendant had sold each of such Gerry Nufoam pads prior to the grant of the reissue patent in suit.

"It is further stipulated that each of the above issues 1(f), (6) and (7) constitutes a separately pleaded defense herein, and that a decision against plaintiff's interests on either of the issues 1(f) or (6) would be determinative of the case, while such a decision against plaintiff's interests on the separate defense listed as issue (7) would constitute but a partial determination of the case, since pads other than the Gerry Nufoam pads covered in issue (7) are alleged to infringe herein.

"The parties hereto are in further agreement that issue (5) above listed should be answered in the affirmative, but are in disagreement as to whether, in any event, the Patent Act of 1952 changes the prior law respecting issues 1(f), (6), and (7)."

1. "Sec. 2. Section 21 of the Act approved July 5, 1946, 60 Stat. 435, (United States Code, title 15, sec. 1071, 1946 ed.) is amended by striking out 'Revised Statutes 4911' and inserting '35 United States Code, section 141'; by striking out 'section 4915, Revised Statutes' and inserting '35 United States Code, Sections 145 and 146'; and by striking out 'Revised Statutes 4915' appearing twice in said section and inserting '35 United States Code, section 146'.

"Sec. 3. If any provision of Title 35, as enacted by section 1 hereof, is declared unconstitutional or is held invalid, the validity of the remainder of this title shall not be affected.

"Sec. 4. (a) This Act shall take effect on January 1, 1953 and shall apply to all applications for patent filed on or after such date and to all patents granted on such applications. It shall apply to further proceedings on applications pending on such date and to patents granted on such applications except as otherwise provided. It shall apply to unexpired patents granted prior to such date except as otherwise provided.

At the same time the counsel for defendants submitted proposed findings of fact and conclusions of law in accordance with Local Rule No. 3(d)(2). Subsequently I received a letter from plaintiff's counsel which need not be quoted at length which in summary was to the effect that he did not regard the stipulation as being a stipulation for a decision on a motion for summary judgment.

However, from the agreement of the parties made at the pre-trial (copy of the transcript has not been provided) and from the stipulation as submitted, I will proceed to disposition of the matter as though it were a motion for summary judgment.

Issue No. 5, as stated above to be; "whether the Patent Act of 1952 and particularly Sections 251 and 252 thereof [35 U.S.C.A. §§ 251, 252], applying to reissues, is applicable to the present proceedings" requires decision first.

Sections 2 to 5, inclusive, of the Act of July 19, 1952, c. 950, 66 Stat. 792, 814, 815 [35 U.S.C.A. prec. § 1], contain provisions for carrying the newly codified Title 35 into effect.[1] Section 4 is divided into eight subsections (a) to (h), inclusive.

"(b) Section 102(d) of Title 35, as enacted by section 1 hereof, shall not apply to existing patents and pending applications, but the law previously in effect, namely the first paragraph of R.S. 4887 (U.S.Code, title 35, sec. 32, first paragraph, 1946 ed.), shall apply to such patents and applications.

"(c) Section 119, second paragraph, of Title 35 as enacted by section 1 hereof shall not apply to existing patents.

"(d) The period of one year specified in section 102(b) of Title 35 as enacted by section 1 hereof shall not apply in the case of applications filed before August 5, 1940, and patents granted on such applications, and with respect to such applications and patents, said period is two years instead of one year.

"(e) Nothing contained in Title 35, as enacted by section 1 hereof, shall operate to nullify any judicial finding prior to the effective date of this Act on the validity of any patent by a court of competent jurisdiction.

"(f) Nothing in Title 35, as enacted by section 1 hereof, shall affect any provision of the Atomic Energy Act of 1946 (Aug. 1, 1946, ch. 724, 60 Stat. 755).

Section 4(a) provides in part: "This Act shall take effect on January 1, 1953 * * *. It shall apply to unexpired patents granted prior to such date except as otherwise provided". Subdivisions (b) to (h), inclusive, each make specific exceptions of the applicability of certain sections of the 1952 Act. In none of them is any exception made of the applicability of Sections 251 and 252 of Title 35. There is thus no specific exception to the applicability of Sections 251 and 252 to existing patents. Congress having taken the pains to make the seven specific exceptions set forth in subdivisions (b) to (h), inclusive, of Section 4, it is clear that those were the only exceptions intended to be made, unless an exception should specifically appear in any other section. No exception is contained in Section 251 or Section 252.

█ It is thus just about as clear as legislative language can make it, that Sections 251 and 252 apply to existing patents, i. e., to the patent in suit. The answer to issue numbered (5) of the Stipulation is, yes.

Issues 1(f) and (6) as set forth in the stipulation will be considered together.

█ It is my opinion that the language of Section 251 of the 1952 Act [2] does not change the sense or substance or the meaning of its predecessor, former Section 64 of Title 35 U.S.C.A. [3]

"(g) The period of one year specified in section 4 of Title 35 as enacted by section 1 hereof shall not apply in the case of applications filed before the effective date of this Act.

"(h) The repeal of sections 1-9, 11, 12 of the Act of Congress approved February 1, 1952 (ch. 4, 66 Stat. 3), shall not affect any rights or liabilities existing on the date of approval of this Act. An order of secrecy issued under or in effect under the repealed Act and in effect on the date of approval of this Act, shall be considered as issued under this Act, and any claims arising under the repealed Act or subject to presentation and determination pursuant thereto and unsettled as of the effective date of this Act, may be presented and determined pursuant to the provisions of this Act."

2. "§ 251. Reissue of defective patents

"Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent, the Commissioner shall, on the surrender of such patent and the payment of the fee required by law, reissue the *patent for the invention disclosed in the original patent*, and in accordance with a new and amended application, for the unexpired part of the term of the original patent. No new matter shall be introduced into the application for reissue." (Italics supplied.) [35 U.S.C.A. § 251].

3. "§ 64. Reissue of defective patents; patents for separate parts

"Whenever any patent is wholly or partly inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent and the payment of the duty required by law, cause a patent *for the same invention*, and in accordance with the corrected specification, to be reissued to the patentee or to his assigns or legal representatives, for the unexpired part of the term of the original patent. Such surrender shall take effect upon the issue of the reissued patent, but in so far as the claims of the original and reissued patents are identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent to the extent that its claims are identical with the original patent shall constitute a continuation thereof and have effect continuously from the date of the original patent. The commissioner may, in his discretion, cause several patents to be issued for distinct and separate parts of the thing patented, upon demand of the applicant, and upon payment of the required fee for a reissue for each of such reissued letters patent. The specifications and claims in every such case shall be subject to revision and restriction in the same manner as original applications are. Every patent so reissued, together with the corrected specifications, shall have the same effect and operation in law, on the trial of all ac-

Former Section 64 provided that a reissue could be had for the "same invention" on surrender of the original patent upon error by a claimant "if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention". The new statute, instead of using that language, provides that upon surrender of the original patent, a reissue may be had "for the invention disclosed in the original patent", whenever a patent "through error without any deceptive intention" is wholly or partly inoperative or invalid.

It seems to me that the word "error" is an overall description of what was covered in the old statute by the words "error [arising] by inadvertence, accident, or mistake". This would seem to be emphasized by the fact that the 1952 Act added, as new, Section 255, 35 U.S.C.A. § 255, which permits correction of clerical, typographical or minor mistakes, without the necessity of reissue proceedings. These are the kind of mistakes which usually occur through inadvertence or accident. The words "without any deceptive intention" in the 1952 Act appear to mean precisely the same thing as the words "without any fraudulent or deceptive intention" used in the previous Act. The previous Statute required that a reissue must be "for the same invention"; the 1952 Act requires that the reissue patent must be "for the invention disclosed in the original patent". True, different words are used in the latter phrase, but they mean precisely the same thing.

Three things are thus necessary to be determined as to the reissue in suit as posed by issues 1(f) and (6) of the Stipulation: First, was there "error"? Second, if such "error" does appear, did it occur "without any deceptive intention"; Third, if there

was "error" and if there was no "deceptive intention", is the reissue patent "for the invention disclosed in the original patent"?

Under the Stipulation, these questions are to be determined from the pleadings, file wrappers, and other papers of record. The file wrappers, of course, include the original patent and the reissue patent.

Each of the seven claims of the original patent No. 2,465,120, as issued, covered a shoulder pad with "voids" or "recesses" variously described. In claim 1, they are called "substantially parallel voids"; in 2, they are referred to as "vertically spaced members"; in 3, "spaced resilient legs"; in 4, "plurality of spaced stiffening ribs"; in 5, the same; in 6, "plurality of widely spaced integral stiffening ribs"; and in 7, "plurality of spaced apart rib members".

The first seven claims of the reissue patent No. RE 23,167 are identical with the first 7 claims of the original patent as issued. Claims 8 to 12, inclusive, also refer to shoulder pads with "voids" or "recesses", variously described. But claims 13 to 16, inclusive, make no reference to a shoulder pad with "voids", "recesses", "ribs", "hollows", "legs", "vertically spaced members", "stiffening ribs", "rib members", or the like.[4] The ingenuity exercised by patentee's counsel to call the same thing by different names in the other claims shows clearly that claims 13 to 16 claimed and were intended to claim a different invention than that disclosed in claims 1 to 12, inclusive. Claims 17 to 20 of the reissue are nowhere mentioned in the original patent.

The file wrapper of the original patent discloses there were 8 claims. Claims 1, 2, 3 and 8 provided for voids in a resilient rubber shoulder pad; claims 4, 5, 6 and 7 did not. All 8 claims were rejected by the patent office on April 30, 1946. The ap-

tions for causes thereafter arising, as if the same had been originally filed in such corrected form; but no new matter shall be introduced into the specification, nor in case of a machine patent shall the model or drawings be amended, except each by the other; but when there is neither model nor drawing, amendments may be made upon proof satisfactory to the commissioner that

such new matter or amendment was a part of the original invention, and was omitted from the specification by inadvertence, accident, or mistake, as aforesaid. R.S. § 4916; May 24, 1928, c. 730, 45 Stat. 732." (Italics and quotation marks supplied.)

4. For the sake of convenience all such terms shall be described as "voids" hereafter in this memorandum.

plicant not only did not appeal from such rejection but on June 22, 1946 specifically through her counsel directed the patent office to "cancel Claims 1 to 7 inclusive". Thereupon claims were added by subsequent proceedings in the patent office, each of which claimed a shoulder pad with voids or recesses, hollows or legs (variously described). The issuance of the original patent with its 7 claims was the result of those proceedings.

In short, the original application and claims called for a shoulder pad of resilient material *with* voids, and *without* voids. The applicant voluntarily abandoned the claims which covered a shoulder pad *without* voids, and sought and secured a patent covering a shoulder pad *with* voids only. Thereafter, on reissue proceedings the original patent was surrendered and a patent sought and secured not only for the things covered by the 7 claims of the original patent, but also for the very things which had been deliberately abandoned and cancelled, viz., a shoulder pad *without* voids.

Plaintiff was represented by counsel at all times and I cannot possibly see how a deliberate action so taken can be construed as "error" under the provisions of Sections 251 and 252 of the 1952 Patent Statute. If it was error it was only an error of judgment on her part and her counsel's part. It was not an actual mistake; it was not inadvertence; it was not accident. Such deliberate action has consistently been held not to be error arising through inadvertence, accident or mistake under the previous statute.

In Miller v. Bridgeport Brass Co., 104 U.S. 350, at page 355, 26 L.Ed 783, the court stated:

"Now, whilst, as before stated, we do not deny that a claim may be enlarged in a reissued patent, we are of opinion that this can only be done when an actual mistake has occurred; *not from a mere error of judgment* (for that may be rectified by appeal), but a real bona fide mistake, inadvertently committed; such as a Court of Chancery, in cases within its ordinary jurisdiction, would correct. * * *" (Italics supplied.)

Dobson v. Lees, 137 U.S. 258, at page 265, 11 S.Ct. 71, at page 73, 34 L.Ed. 652, stated as follows:

"A reissue is an amendment, and cannot be allowed unless the imperfections in the original patent arose without fraud, and from inadvertence, accident, or mistake. Rev.Stat. § 4916, hence the reissue cannot be permitted to enlarge the claims of the original patent by including matter once intentionally omitted. Acquiescence in the rejection of a claim, its withdrawal by amendment, either to save the application or to escape an interference, the acceptance of a patent containing limitations imposed by the Patent Office, which narrow the scope of the invention as at first described and claimed, are instances of such omission. Union Metallic Cartridge Co. v. United States Cartridge Co., 112 U.S. 624, 5 S.Ct. 475, [28 L.Ed. 828]; Shepard v. Carrigan, 116 U.S. 593, 6 S.Ct 493, [29 L.Ed. 723]; Roemer v. Peddie, 132 U.S. 313, 10 S.Ct. 98, [33 L.Ed. 382]; Yale Lock Mfg. Co. v. Berkshire Bank, 135 U.S. 342, 379, 10 S.Ct. 884 [34 L.Ed. 168], and cases cited."

To the same effect are: Grand Rapids Show Case Co. v. Baker, 6 Cir., 216 F. 341; Firestone Tire & Rubber Co. v. United States Rubber Co., 6 Cir., 79 F.2d 948, and Maulsby v. Minneapolis Casket Co., Inc., 8 Cir., 84 F.2d 107.

Applying the principles of the above cases, I hold that the conduct of plaintiff as above described was not "error" within the meaning of Section 251 of the 1952 Patent Act.

There being no "error" within the meaning of Section 251 of the 1952 Act, the question as to whether or not there was "deceptive intention" does not enter into a consideration of the question. Hence, Issue numbered 1(f) is decided against the plaintiff and in favor of the defendant.

As seen from the foregoing discussion, the reissue patent in fact covers an invention not disclosed in the original patent, by claiming shoulder pads without "voids" as set forth in Claims 13 to 16, inclusive, of the reissue. Claims 17, 18, 19 and 20 of the reissue relate to "snap elements" and "covers", none of which are disclosed in the original patent.

■ In United States Industrial Chemicals, Inc., v. Carbide & Carbon Chemicals Corporation, 1941, 315 U.S. 668, at page 676, 62 S.Ct. 839, at page 843, 86 L.Ed. 1105, the court stated: "The required intention does not appear if the additional matter covered by the claims of the reissue is not disclosed in the original patent. * * It must appear from the face of the instrument that what is covered by the reissue was intended to have been covered and secured by the original." And in the Ninth Circuit case of Kalich v. Paterson Pacific Parchment Co., 1943, 137 F.2d 649, at page 652, it was stated: "It must be apparent from the face of the instrument that what was embraced in the reissue was intended to have been taught and secured by the original. The invention must have been shown in the original patent." It would be a matter of supererogation to cite the cases to the same effect.

■ Clearly from the patents, the file wrappers, the pleadings and matter on file there was no "error" on the part of the plaintiff under the terms of Section 251 of the 1952 Patent Act, and there is no genuine issue as to that conclusion of fact. It is likewise clear from the same matters that the reissue patent is not for the invention disclosed in the original patent but claims and includes, as a matter of fact, other and different inventions in claims 13 to 20, inclusive, of the reissue patent, and that there is no genuine issue as to that fact.

■ The defendant is thus entitled to a summary judgment as a matter of law, under the rules, that the reissue patent in suit No. 23,167 is void.

Counsel for defendant will prepare findings of fact, conclusions of law, and a judgment as indicated herein and submit same under the rules.