Ruth E. **RILEY**, Appellant,

v.

**BROADWAY–HALE STORES**, Inc., a corporation (formerly Broadway Department Store, Inc., a corporation), Appellee.

No. 14210.

United States Court of Appeals
Ninth Circuit.

Dec. 7, 1954.

Allan M. Shapiro, Los Angeles, Cal., for appellant.

MacFarlane, Schaefer & Haun, Henry J. Schaefer, Jr., E. J. Caldecott, Harris, Kiech, Foster & Harris, Warren L. Kern, Ford W. Harris, Jr., Los Angeles, Cal., for appellee.

Before HEALY, POPE, and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from a summary judgment dismissing appellant's suit for patent infringement, and from a judgment coincidentally entered on appellee's counterclaim declaring the patent to be void.

The subject matter of the suit is appellant's reissue patent No. 23,167. Her original patent No. 2,465,120 was issued March 22, 1949. It related to foam rubber shoulder pads with recesses of various types generally termed "voids." The reissue in suit, obtained November 15, 1949, added shoulder pads without voids in Claims 13–16, 18 and 20. Claims for shoulder pads without voids had been made in the application for the original patent, but during the course of the proceedings in the Patent Office had been deliberately and voluntarily abandoned.

In pre-trial proceedings the parties stipulated that certain formulated issues were questions of law to be determined by the court from the pleadings, file wrappers, and other papers of record. One of these was "whether or not the reissue patent in suit No. 23,167 and each of the claims thereof are invalid due to the absence of accident, inadvertence, or mistake warranting the grant of such reissue patent."[1] Another was "whether or not the added claims, 13 to 20 inclusive, of the reissue patent in suit, or any of them, which were not present in the original patent, cover an invention not disclosed in the original patent (a shoulder pad without the limitation of ribs or voids therein), thereby invalidating the reissue." It was further stipulated that a decision against appellant's interests on either of these issues would determine the case. These points were fully argued. The district court proceeded to decision

---

1. The reissue statute, 35 U.S.C.A. § 64, in force at the time of the reissue in question, reads: "Whenever any patent is wholly or partly inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent and the payment of the duty required by law, cause a patent for the same invention * * *

to be reissued to the patentee * * * for the unexpired part of the term of the original patent. * * *"

Appellant argues that the 1952 revision § 251, of the above statute is applicable to this reissue, and she interprets its language as supporting her case. We think discussion of the point is unnecessary inasmuch as this court in Moist Cold Refrigerator Co. v. Lou Johnson Co., 9 Cir., 217 F.2d 39, has held that the test as to what type of error is required to warrant a reissue remains the same as before.

as though a motion for summary judgment was before it and determined both issues in appellee's favor, 114 F.Supp. 884. Appellant complains of this procedure, but we are satisfied that she was not prejudiced thereby.

■ The courts have uniformly held that a reissue patent is void if the matter claimed in the reissue was intentionally omitted or abandoned by the patentee during the course of his application for the original patent, that is to say, in such situation no error through inadvertence, accident, or mistake can be said to exist. Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 492, 55 S.Ct. 455, 79 L.Ed. 1005; Dobson v. Lees, 137 U.S. 258, 265, 11 S.Ct. 71, 34 L.Ed. 652; Yale Lock Mfg. Co. v. Berkshire Nat. Bank, 135 U.S. 342, 379, 10 S. Ct. 884, 34 L.Ed. 168; Maulsby v. Minneapolis Casket Co., 8 Cir., 84 F.2d 107, 110; Union Switch & Signal Co. v. Louisville Frog, etc., Co., 6 Cir., 73 F.2d 550, 552; Grand Rapids Show Case Co. v. Baker, 6 Cir., 216 F. 341, 351; Crosley Corp. v. Westinghouse Electric & Mfg. Co., D.C., 52 F.Supp. 884, 900, affirmed in part and reversed in part on other grounds 3 Cir., 152 F.2d 895. The present case belongs in that category. The original application included claims for shoulder pads without voids. All of the original claims were rejected by the Patent Office. The claims to pads without voids were abandoned, but those for shoulder pads with voids were prosecuted. Eventually appellant accepted a patent limited to shoulder pads with voids, and thereupon obtained the reissue primarily for the purpose of covering the very element deliberately abandoned.

Appellant says that her reissue is not within the general rule mentioned for the reason that the abandoned claims differed materially from the reissue claims, relying on the decision of this court in National Nut Co. v. Sontag Chain Stores Co., 9 Cir., 107 F.2d 318, 331, reversed on other grounds, 310 U.S. 281, 60 S.Ct. 961, 84 L.Ed. 1204. The extent of the deviation is, however, a matter of degree. In our opinion, when the chief element added by reissue has been abandoned while seeking the original patent, the reissue is void.

■ Further, the trial court was clearly correct in holding the reissue void because Claims 13–16, 18, and 20 are not for the same invention as the original patent. Appellant contends the contrary, basing her argument on one clause of the original specifications reading as follows: "The shape thereof can, of course, vary, depending upon the current style, without departing from the idea of the light-weight, porous rubber material having relatively large voids as well as small ones, *or may be made entirely of porous rubber.*" The remainder of the original specifications and the claims allowed related solely to shoulder pads with voids. They referred to voids as an essential feature of the invention, and they did not provide as an alternative for shoulder pads without voids.

■ It must appear upon the face of the original patent that the matter covered by the reissue was intended to have been covered and secured by the original. Leishman v. Associated Wholesale Electric Co., 9 Cir., 137 F.2d 722, 723; Kalich v. Paterson Pacific Parchment Co., 9 Cir., 137 F.2d 649, 652. The broader claims of the reissue must be more than merely suggested or indicated in the original patent. U. S. Industrial Chemicals, Inc., v. Carbide & Carbon Chemicals Corp., 315 U.S. 668, 675–676, 62 S.Ct. 839, 844, 86 L.Ed. 1105. As observed in that case, "it is not enough that an invention might have been claimed in the original patent because it was suggested or indicated in the specification."

Affirmed.